## BERRENDO STOCK CO. V. CHAS. L. KAISER.

### (Case No. 5849.)

1. DESCRIPTION—VARIANCE—When a petition identifies the land sued for, a mistake in giving the number of the survey is not a material variance.
2. TAX DEED—LIMITATION—A tax deed, void for uncertainty, or not purporting to convey the land to which the plaintiff has proved title, does not afford defendant a basis of five years limitation. (Following Wofford v. McKinna, 23 Tex., 36.)
3. SAME—See opinion for an insufficient description of land in a tax deed.

APPEAL from Tom Green. Tried below before the Hon. Wm. Kennedy.

The opinion states the facts.

*Spence & Thompson* and *Walton, Hill & Walton*, for appellant, on variance, cited: Guffey v. Moseley, 21 Tex., 410; Wells v. Fairbanks, 5 Tex., 585.

On tax deeds, they cited: R. S., art. 3193; Wofford v. McKinna, 23 Tex., 43, 44; Robson v. Osborne, 13 Tex., 298; Watson v. Hopkins, 27 Tex., 642; Allen v. Woodson, 60 Tex., 653.

No brief on file for appellee.

ROBERTSON, ASSOCIATE JUSTICE.—That the land sued for is that which the plaintiff proved title, cannot be doubted. It cannot be presumed that there were two patents issued to P. De Cordova, both numbered four hundred and eighty-eight, and both by virtue of original certificate five hundred and ninety-one issued to John Deboer, and both for three hundred and twenty acres of land in the same county. Unless this is presumed, it must be assumed that the pleader was mistaken in alleging the number of the survey to be ninety-two, when it was really ninety-three. The object in the petition was to describe a tract of land, not to set forth a contract, and the tract intended was thoroughly identified. The defendant could not have been misled by the unneeded statement of the number of the survey.

The evidence offered by defendant of possession and payment of taxes was of no use, unless the tax deed afforded a basis of five years limitation. This it did not do, if it was void for uncertainty, or if it did not purport to convey the land, to which the plaintiff proved title. Wofford v. McKinna, 23 Tex., 36.

The land conveyed in the tax deed was survey number ninety-two in the name of John Deboer. The land in suit was patented in the name of Phineas DeCordova, the assignee of John Deboer, and was survey

number ninety-three. If the land in suit could be described as in the name of John Deboer, it was not survey number ninety-two. If there were two surveys in the name of John Deboer, one number ninety-two and one number ninety-three, the one sold by the tax collector was not the one in suit and owned by plaintiff. If there were two surveys, one number ninety-two and one number ninety-three, one in the name of John Deboer, and the other not, then it is impossible to ascertain from the tax deed whether number ninety-two, not in the name of John Deboer, was conveyed, or number ninety-three, in that name. But one survey was sold, and the description given fits equally well either of the two surveys. The deed is bound to be either void for uncertainty, or a conveyance of survey number ninety-two, which, as well as ninety-three, is (as hypothetically assumed) in the name of John Deboer.

In either event, the judgment of the court below was correct and it is affirmed.

**AFFIRMED.**

[Opinion delivered June 1, 1886.]