McCurdy & Daniels v. J. P. Locker.

No. 67.

1. **Disclaimer—Limitation of Five Years.**—Plaintiff sued in trespass to try title for a survey of land. The defendant owning 160 acres out of a junior survey on the north, disclaimed as to the land included in the survey sued for; also pleaded limitation of five years as to 160 acres of the junior survey. The title deeds introduced by the defendant included land off the south end of said junior survey. *Held:*

1. That defendant could not, under his disclaimer, recover any part of the land to which it extended.

2. That the deed for the south end of the junior survey would not form a basis for title by limitation for any land not on said survey.

2. **Mistake in Deed — Limitation.** — A deed may by mistake refer to a wrong survey, and yet be sufficient to support the plea of limitation if it otherwise by external objects found on the ground definitely designates the land in possession.

3. **Verdict.**—See verdict held insufficient to support a judgment, it not appearing where lines called for therein are located.

Appeal from Bosque.   Tried below before Hon. J. M. Hall.

*J. K. Helton,* for appellants.— 1. The defendant ought not to be allowed to plead in bar of plaintiff's right to recover the McFarland 320 acres survey his adverse possession, under deeds duly registered, to 127 acres of land out of the E. D. Johnson survey for more than five years, and without at least alleging that said deeds called for land covered by the plaintiff's grant, and also setting out this extent of plaintiff's land, by metes and bounds, which he claims by virtue of his limitation. Jones v. Andrews, 62 Texas, 653; Horton v. Crawford, 10 Texas, 381; Evitts v. Roth, 61 Texas, 81; Flanagan v. Boggess, 46 Texas, 331.

2. A deed under which the defendant claims land under the statute of five years limitation will not support said plea, unless it describes said land with sufficient clearness and certainty to put plaintiff upon notice that it embraces his land.   Murphy v. Wedder, 58 Texas, 235; Wofford v. McKinna, 23 Texas, 36; Kilpatrick v. Sisneros, 23 Texas, 113; Flanagan v. Boggess, 46 Texas, 331.

3. It is error for the court to render judgment for defendant for any part of the land sued for, after defendant in his answer has disclaimed any right, title, or interest in same.   Wootters v. Hall, 67 Texas, 513; Whitehead v. Foley, 28 Texas, 2; Warnell v. Moore, 10 Texas, 235; Dodge v. Richardson, 70 Texas, 209.

4. The court can not look beyond the pleadings and the verdict of the jury to the evidence given in the trial of the case, in order to determine what judgment to render.   Burnett v. Harrington, 58 Texas, 359; Mays v. Lewis, 4 Texas, 38; Brown v. Horless, 22 Texas, 645; Smith v. Tucker,

25 Texas, 594; Ryan v. Hays, 62 Texas, 42; Moore v. Moore, 67 Texas, 293; Brokel v. McKechnie, 69 Texas, 32.

*S. H. Lumpkin*, for appellee, cited: Evitts v. Roth, 61 Texas, 83; Jones v. Andrews, 62 Texas, 668; Peyton v. Barton, 53 Texas, 302.

COLLARD, Associate Justice.—This is a suit of trespass to try title, brought by appellants McCurdy & Daniels, against appellee J. P. Locker, for the Wm. McFarland 320 acres survey in Bosque County, patented February 9, 1847.

Defendant pleaded not guilty, disclaimed all interest in the McFarland survey and possession thereof; "that he is not now and was not at the institution of the suit in possession of said land and premises described in plaintiffs' petition." But he sets up that he was in possession of the south half of the E. D. Johnson 320 acres survey, which 160 acres are described in the answer as beginning at the southwest corner of said Johnson; thence north 30 west 760 varas to the northwest corner, marked by a pile of rock; thence north 60 east 950 varas to the northeast corner of this; thence south 30 east 760 varas to the southeast corner of this; thence south 60 west 950 varas to the beginning.

Defendant also set up, in bar, statute of limitation of five years to the same 160 acres.

The McFarland and the Johnson surveys were made by the same surveyor, the former on the 28th and the latter on the 29th day of September, 1846. The original field notes of the McFarland call for two willow trees as witnesses of its northwest corner, and thence north 60 east 950 varas to its northeast corner, where two live oak trees are called for as witness trees. The Johnson calls to begin at the northwest corner of the McFarland; thence to run north 60 east 950 varas to the southeast corner of the Johnson, at both corners calling for the very witness trees named in the McFarland; that is to say, the north line of the McFarland is the south line of the Johnson.

The locality of this line was in dispute, plaintiffs claiming it at one place and defendant claiming it to be further south. This question was submitted to the jury, together with defendant's plea of limitation. The verdict located the line where plaintiffs claimed it to be, "20 varas north 30 west from the branch as claimed by plaintiffs;" but the jury also found in favor of defendant's plea of limitation, and awarded him the land actually occupied by him, about 34 acres, a strip off of the north end of the McFarland, 200 varas wide, for which judgment was rendered in his favor, and plaintiffs appealed.

There are several assignments of error to rulings of the court on the answer of defendant, to the admission of testimony, to the charge submitting the plea of limitation, and other matters; but they nearly all re-

late to one subject, more or less directly, that as defendant disclaimed ownership or possession of any part of the McFarland survey, and as his plea of limitation and deeds restricted his claim to the E. D. Johnson survey, he could not recover under the plea any part of the McFarland, where the jury found the disputed land to be.

This is doubtless correct. The statement of facts shows that plaintiffs owned the McFarland, and that defendant owned the south half of the Johnson survey as described in his answer. The deeds to support the pleas of limitation, according to the statement of facts, describe the land conveyed as the "south half" and "off the south end" of the Johnson survey, as described in defendant's answer.

Under his pleadings, defendant could not recover any part of the McFarland survey; but if the plea of limitation had claimed or described land on the McFarland, there was no deed or deeds to defendant of any part of it. His deeds confined him to the Johnson. To maintain the plea of five years limitation, there must not only be proof of adverse and continuous possession for the necessary period, paying the taxes, but the possession must be under deed or deeds duly registered, describing the land so claimed. The description must be such as will give notice to the owner of the claim. The owner is conclusively presumed to know the contents of the recorded deed—the description of the land—but nothing more. Had the owners of the McFarland survey read the deeds to Lusk, and from him and wife to defendant, they would have had no intimation therefrom that he was claiming any part of the McFarland. Defendant's claim by possession was based upon the supposition or belief that the land was on the Johnson, and his plea rests his right of recovery on that fact.

The fact that it was alleged that the lines and corners were marked did not change the description which included the land within the Johnson; such marks, if any, were not given. The description in the deeds of the land—the south end of the Johnson—would still remain the same.

A deed may by mistake refer to a wrong survey and yet be sufficient to support the plea, if it otherwise, by external objects found on the ground, definitely designates the land in possession. It is not necessary to discuss the effect of such conflicting description, as no such question arises in this case. Flanagan v. Boggess, 46 Texas, 335; Kilpatrick v. Sisneros, 23 Texas, 137; Brokel v. McKechnie, 69 Texas, 32; Udell v. Peak, 70 Texas, 549; Jones v. Andrews, 62 Texas, 668.

Defendant's possessory claim is based upon the supposition that the land is a part of the Johnson, both as regards the plea and proof. But the plea could not change the proof. By the case as made, there was no occasion for a plea of limitation, predicated on a deed, as if the land was not on the south end of the Johnson, plaintiffs could not recover it. They only showed title to the McFarland. We do not say the verdict fixing the boundary is correct, but it did fix it so as to leave the disputed

land on the McFarland, where plaintiffs claim it. This was conclusive upon the jury, and the rest of their verdict was impossible. The verdict was inconsistent, and did not authorize the judgment.

The judgment was erroneous, and should be reversed and the cause remanded, and it is so ordered.

                                                    *Reversed and remanded.*

Delivered January 18, 1893