## J. N. OZEE AND WIFE v. CITY OF HENRIETTA.

### Decided January 28, 1897.

**1. Tax Deed—Description of Property.**

A tax deed, made by a city tax collector to the city, described the property as follows: "Original grantee, R. R. Add. All of Block 26. Abst. No. 77." Such deed contained no sufficient description, and did not authorize a recovery by the grantee, of Block 23 in the Railroad Addition to the city of Henrietta, there being such an addition, situated on land originally granted to W. G. Eustis. (Pp. 337 to 339.)

**2. Same.**

Article 447 of Rev. Stats. does not refer to nor should it be applied to other land than that described in the deed. (P. 339.)

**3. Same—Right to Defend.**

Defendants, where plaintiff sues for land not conveyed by the city tax deed under which he claims, can make their defences to the suit without complying with the requirement of such statute prescribing the terms on which such defense can be made. (P. 339.)

**4. Same—Case Limited.**

The ruling in City of Henrietta v. Eustis, 87 Texas, 14, does not affect the determination of the above questions. It did not appear in the certified questions

in that case that the deed was void for insufficiency of description; and the hypothetical question as to whether the defendant was required to pay taxes in order to defend, if it should so appear, was treated as abstract and was not considered in answering the certified questions. (Pp. 339, 340.)

QUESTIONS CERTIFIED from the Court of Civil Appeals, Third District, in an appeal from Clay County.

*W. G. Eustis,* for appellants.—A deed void for want of description is not admissible in evidence, and even if admitted without objection, conveys nothing. Wofford v. McKinna, 23 Texas, 44; Schleicher v. Gatlin, 85 Texas, 270; Morgan v. Smith, 70 Texas, 637; Wooters v. Arledge, 54 Texas, 397; Moses v. McFarlin, 2 Posey, U. C., 291; Fant v. Brannin, 2 Posey, U. C., 323; 2 Devlin on Deeds, 1405 and 1408; 1 Devlin on Deeds, 186; Cooley on Taxation, 493; Blackwell on Taxation, 150, 151, 152; Black on Tax Titles, 406, 407.

Article 447 of the Revised Statutes does not enable a plaintiff who has nothing but a lien to recover land in an action of trespass to try title, and the tender of the tax has no application to a defendant who resists an illegal tax, but to a defendant who seeks to set aside a deed for irregularities. Meredith v. Coker, 65 Texas, 30; Lufkin v. City of Galveston, 73 Texas, 343; O'Neill v. Tyler, 53 N. W. Rep., 434; Martin v. Barbour, 140 U. S., 634; Gage v. Bani, 141 U. S., 344; Mendenhall v. Hall, 134 U. S., 559; 2 Devlin on Deeds, 1423; Cooley on Taxation, 551, 552; Black on Tax Titles, 438; Burden v. Taylor, 27 S. W. Rep., 351, (Mo.); Townsend v. Martin, 17 S. W. Rep., 876, (Ark.); Radcliffe v. Scruggs, 46 Ark., 96; Allen v. Morse, 72 Me., 502; Dunn v. Snell, 74 Me., 22; Wilson v. McKenna, 52 Ill., 43.

*Templeton & Patton,* for appellee.—The court did not err in admitting said deed in evidence and in refusing to permit appellants to object thereto, and to question the validity thereof, without showing that the taxes due on said property had all been paid or tendered to appellee. Rev. Stats., art. 447; City of Henrietta v. Eustis, 26 S. W. Rep., 619; also same case 27 S. W. Rep., 746; Dallas Title and Trust Co. v. City of Oak Cliff, 27 S. W. Rep., 1036; Lufkin v. City of Galveston, 73 Texas, 342.

If the levy and assessment of the tax of one-fourth of one per cent for the year 1884, for the purpose of erecting a city hall was not authorized by law, this fact would not of itself render the entire tax assessed against the property for the year illegal; and before appellants could question appellee's title to the property in controversy it was incumbent on them to pay or tender to appellee all taxes which were legally due or chargeable against said property. Rev. Stats., arts. 420 to 424 inclusive and 427; Waxahachie v. Brown, 67 Texas, 519 and 526 to 528; City of Austin v. Nalle, 85 Texas, 520 and 540.

The tax deed, the admission whereof is here complained of, was not void for want of a sufficient description of the property in controversy, and the court did not err in admitting same in evidence and in refusing

to permit appellants to question same, without paying the taxes legally assessed against said land. Rev. Stats., art. 447; City of Henrietta v. Eustis, 26 S. W. Rep., 619; s. c., 27 S. W. Rep., 746.

Article 447 of the Revised Statutes, is not restricted in its operation to a suit brought by a former owner of land, to set aside a tax deed thereto for irregularities, but it applies equally to a defendant in a suit brought by the purchaser at tax sale and the grantee in the tax deed, to recover the property thereby conveyed; and in such a case the defendant will not be permitted to question the title conveyed by such deed, without showing that all taxes legally due upon the land have been paid by him or the persons under whom he claims. Same authorities.

The burden of proof was on appellants, in order to defeat appellee's title, or to entitle them to question same, to show by competent testimony the amount of taxes legally due and chargeable against the property in controversy, and that all such taxes had been paid or tendered to appellee; and appellants having failed to discharge such burden, and having failed to tender a sufficient amount to pay such taxes, the court did not err in refusing to compel appellee to accept the tender made. Rev. Stats., art. 447. See also authorities cited above under preceding propositions.

GAINES, CHIEF JUSTICE.—In this case the Court of Civil Appeals for the Third Supreme Judicial District submits for our consideration and determination the following questions:

"This is a suit by the appellee, the City of Henrietta, against appellants, J. N. Ozee and his wife, M. E. Ozee, to recover Block 23 in the Railroad Addition to the town of Henrietta, Texas.

"The City pleaded its title, and its right to recover depends upon a tax deed made by the collector of taxes for the city.

"The deed was executed by J. H. McClure, city tax collector of Henrietta, of date March 16, 1885. It conveyed to the City of Henrietta, as the property of J. N. Ozee, block described as follows: 'Original grantee, R. R. Add. All of Block 23, Abst. No. 77.' The date of sale is recited as on March 3, 1885, and the consideration $44.50, taxes and costs for the year 1884, the ad valorem tax being $14.00, the city-hall tax $14.00, the school fund $14.00 and cost $2.50. The deed conveys other lands of other owners. It recites taxes assessed against the land for 1884, demand of payment of same and refusal to pay; that the property had been levied on by the collector, by virtue of the city tax rolls, for taxes due for the year 1884; that the land was properly advertised for sale, and sold on the 3d day of March, 1885, to the City of Henrietta.

"The deed contains folio which describes the land as above stated, and there is no other description. We respectfully refer to the deed as copied in the record.

"The levy was made January 1, 1885, and the property was advertised for sale on the first Tuesday in March, 1885, which was the third day of the month. It was proved that the sale took place on the last date.

" 'R. R. Add.' meant 'Railroad Addition.' There is no grantee 'R. R. Add.,' but there is an addition to the town called Railroad Addition, and it is part of a tract of land the original grantee of which is W. G. Eustis, and it is Block 23 of the addition that is claimed by defendants. Block 23 is described on the tax rolls for 1884 as Block 23, W. G. Eustis, 'grantee or addition,' but the rolls do not show whether 'W. G. Eustis' refers to original grantee or addition, and shows J. N. Ozee as the owner, value $5600."

The defendants made usual defenses.

"If the deed described and conveyed the land sued for by any sufficient matter of identity, we would have no doubt upon the subject; but the tax deed does not convey the land sued for. The land in suit is Block 23 in Railroad Addition to the City of Henrietta, originally granted to W. G. Eustis. The deed of the collector of taxes describes and conveys Block 23 of survey granted to 'R. R. Add.' owned by J. N. Ozee. If judgment were rendered for plaintiff for the land conveyed by the deed it would not be for the land in suit.

"We certify the following questions to the Supreme Court,—questions involved in the suit pending:

"First—Would the deed mentioned authorize a recovery by plaintiff against defendants for the land in suit?

"Second—Does art. 447 of the Revised Statutes (Sayles' Civ. Stat.), with its subdivisions, refer to, and should it be applied to land other than that described and conveyed by the deed? Or is the statute limited in its effect to the land described in the deed?

"Third—When plaintiff sues for land not conveyed by its city tax deed, claiming under the deed, can defendants make their defenses to it without complying with the terms of the statute?

"Fourth—Does the ruling of the Supreme Court in answer to the third certified question in the case of the City of Henrietta v. Eustis, 26 S. W. Rep., 619, apply to the facts of this case as herein presented, so as to debar defendants from defenses to plaintiff's suit, as based upon said deed, when it can not be said, in the language of the opinion, that the land in suit was 'acquired under the deed?' "

The article of the Revised Statutes referred to in the second question reads as follows:

"The assessor and collector shall, when any property has been sold for the payment of taxes, make, execute and deliver a deed for said property to the person purchasing the same, and such deed shall be prima facie evidence, in all controversies and suits in relation to the right of the purchaser, his heirs and assigns, to the premises thereby conveyed, of the following facts:

"First: That the land or lot, or portions thereof conveyed, was subject to taxation or assessment at the time the same was advertised for sale, and had been listed or assessed in the time or manner required by law.

"Second:  That the taxes or assessment were not paid at any time before the sale.

"Third:  That the land, lot, or portion thereof conveyed, had not been redeemed from the sale at the date of the deed; and shall be conclusive evidence of the following facts:

"1.  That the land, lot, or portion thereof sold was advertised for sale in the manner and for the length of time required by law.

"2.  That the property was sold for taxes or assessments as stated in the deed.

"3.  That the grantee in the deed was the purchaser.

"4.  That the sale was conducted in the manner prescribed by law; and in all controversies and suits involving the title to land claimed and held under and by virtue of such deed, the person claiming title adverse to the title conveyed by such deed shall be required to prove, in order to defeat the said title, either that the land was not subject to taxation at the date of the sale, that the taxes or assessment had been paid, that the land had never been listed or assessed for taxation and assessment as required by this title or some ordinance of the city, or that the same had been redeemed according to the provisions of this title, and that such redemption was made for the use and benefit of the person having the right of redemption under the law; but no person shall be permitted to question the title acquired by the said deed without first showing that he, or the person under whom he claims title, had title to the land at the time of the sale, or that the title was obtained after the sale, and that all taxes due upon the lands have been paid by such person or the person under whom he claims title as aforesaid; provided, however, that the owner of such property shall have the right to redeem the same at any time within two years of the day and date of the sale thereof, upon paying to the purchaser double the amount of taxes for which the same was sold, together with the costs of such sale, and double the amount of all taxes paid by the purchaser since such sale.  The assessor and collector shall have full power to levy upon any personal property to satisfy any tax imposed by this title; all taxes shall be a lien upon the property upon which they are assessed, and in case any property levied upon is about to be removed out of the city, the assessor and collector shall proceed to take into his possession so much thereof as will pay the taxes assessed and costs of collection."  1 Sayles' Ann. Stats., art. 447.

The Court of Civil Appeals take it for granted that the deed in question does not, even in form, convey the lot in controversy,—presumably upon the ground that it contains no sufficient description of the property. We concur in that opinion.  The description is lacking in those elements of accuracy and certainty which are required in a conveyance made by an officer under a naked statutory power to sell and convey property for the enforcement of the collection of taxes.  Wofford v. McKinna, 23 Texas, 36; Kilpatrick v. Sisneros, 23 Texas, 113.  We seriously doubt whether it be sufficient in a conveyance between parties acting in their own right. A portion of a tract of land of which the original grantee is "R. R. Add."

or Railroad Addition, if the abbreviations mean that, does not describe a part of an addition to a city, which is known as Railroad Addition, and of which W. G. Eustis is original grantee. It may be that where, even in a tax deed, a tract or lot of land is clearly and accurately described otherwise, descriptive words false in one particular may be disregarded. But if we strike out the false description in the deed in question we have substantially nothing left but the words, "Block 23," which manifestly is uncertain. The only words to show what "Block 23" is meant, point to some other "Block 23," and not to that found in Eustis' Railroad Addition to the City of Henrietta. If intended to designate the latter block, the description is false as a whole, and the deed not sufficient to operate as a conveyance of the property intended. In a transaction between private parties, it might, in a proper case, upon proof of the attending circumstances, give rise to inferences, which would afford a basis for a reformation of the instrument in accordance with the original agreement and intent of the parties thereto.

The purpose of article 447 was to make the tax collector's deed prima facie evidence of certain facts, and to cast the burden upon the party attacking the sale to show, as to certain particulars, a non-compliance with the statute; and also to require, as a condition precedent to the defense, that defendant shall show that all taxes upon the land had been paid. But the deed which is mentioned in the article, and which is to have this effect, is "a deed to said property,"—that is, a deed to the property sold for taxes; and it cannot be such a deed unless it contain a description, sufficient in law, of the property intended to be conveyed. A deed in which the description does not apply to the property sold is not a deed to said property, whatever may have been the intent of the parties in making it. So, also, the latter part of the article, which requires payment of the taxes in order to make defense, uses the language, "but no person shall be permitted to question the title acquired by the said deed, without first showing, etc.," and evidently refers to the deed to the property previously mentioned—which must be a deed which describes the property. If the property is not described in the deed, certainly there is neither title nor color of title acquired by such purported conveyance.

1.  We therefore answer the first question in the negative.

2.  To the second question we answer that Article 447 does not refer to nor should it be applied to other land than that described in the deed.

3.  We answer the third question in the affirmative.

4.  In answer to the fourth question we will say, that the ruling in the case of the City of Henrietta v. Eustis (87 Texas, 14) does not affect the determination of the questions certified in the present case. The third question which was certified in the former case, and to which we gave an answer in the negative, was as follows: "3. If the action of the court was correct in holding the tax deed void by reason of the sale having been made to pay a larger amount than was due, or if it should appear that the deed is void by reason of insufficient description of the property conveyed, could appellee avail himself of such defects without

showing the payment or tender of the taxes legally due on the property?" In answering certified questions, our jurisdiction is confined to such as are actually presented in the Court of Civil Appeals, and for that reason, we do not conceive it to be our duty to respond to hypothetical inquiries. The question quoted may be resolved into two: (1) The lot having been sold to pay a larger amount than was due, could the appellee make his defense without payment of taxes? (2) "If it should appear" that the deed was void for insufficiency of description, was it necessary for appellee to pay the taxes in order to avail himself of his defenses? The statement embraced in the certificate showed that the first question was in the case. It did not show that the deed was void for insufficiency of description, and therefore the second, while hypothetical in form, appeared to us in fact abstract. It was therefore not considered, and our answer was to the first of the alternative questions, submitted as one, and was not intended to embrace the second.