### RANDOLPH v. LEWIS.

(Court of Civil Appeals of Texas. Austin. Nov. 12, 1913. On Motion for Rehearing, Feb. 18, 1914.)

1. ADVERSE POSSESSION (§ 80*)—DEEDS—SUFFICIENCY OF DESCRIPTION.

In a suit in trespass to try title, a deed was properly admitted in evidence in support of defendant's plea of five-year limitation, though it incorrectly stated the certificate number and the name of the original patentee, where the land could be otherwise located from its recitals.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 463–467; Dec. Dig. § 80.*]

2. EVIDENCE (§ 333*)—ADMISSIBILITY—PUBLIC RECORDS—"ASSESSOR'S ABSTRACT" — TRESPASS TO TRY TITLE.

The assessor's abstract, being a public record within Sayles' Ann. Civ. St. 1897, art. 2306 (Rev. Civ. St. 1911, art. 3694), providing that certified copies of public records shall be prima facie evidence, was admissible in evidence in trespass to try title, though the deed offered by defendant in support of his plea of five-year limitation made no reference to it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1247–1257, 1259–1265; Dec. Dig. § 333.*]

3. **Appeal and Error** (§ 1051*)—Harmless Error—Admission of Evidence.

In trespass to try title, the admission in evidence of the assessor's abstract, if erroneous because not referred to in the deed offered by defendant in support of his plea of five-year limitations, is harmless, where the land is otherwise sufficiently identified.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

4. **Adverse Possession** (§ 16*)—Acquisition of Title—Sufficiency of Use.

Where the purchaser of land immediately placed his deed on record, inclosed the land, and continuously used it for more than five years as pasture for stock, and paid taxes thereon, he acquired title under the five-year statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 82–89; Dec. Dig. § 16.*]

5. **Adverse Possession** (§ 95*) — Title to Realty—Acquisition—Payment of Taxes—Evidence.

Payment of taxes, when relied on as the basis of title by five-year limitations, may be shown by parol or circumstantial evidence.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 530–532: Dec. Dig. § 95.*]

6. **Deeds** (§ 38*) — Description of Land — Sufficiency.

That a description in a deed does not entirely inclose the land will not invalidate the deed, where it otherwise sufficiently identifies the land.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 65–79; Dec. Dig. § 38.*]

7. **Adverse Possession** (§ 19*)—Acquisition of Title—Sufficiency of Possession.

Merely that one side of a tract of land, to which defendant in trespass to try title claimed title under the five-year statute of limitations, was not fenced, but was bounded by a river, could not defeat defendant's claim.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 99–105; Dec. Dig. § 19.*]

8. **Adverse Possession** (§ 19*)—Acquisition of Title—Sufficiency of Possession—Separate Inclosure.

It is not essential to the acquisition of title under the five-year statute of limitations that the land be separately inclosed, but is sufficient that there be a general inclosure, even though other surveys are included therein.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 99–105; Dec. Dig. § 19.*]

Appeal from District Court, Madison County; S. W. Dean, Judge.

Trespass to try title by R. J. Randolph against C. H. Lewis. From a judgment for defendant, plaintiff appeals. Affirmed.

Randolph & Randolph, of Madisonville, for appellant. E. A. Berry and J. M. Brownlee, both of Madisonville, for appellee.

RICE, J. Appellant brought this suit in trespass to try title against appellee for 369 acres of land in Madison county, patented to Samuel Bogart, assignee of John W. Holman, on February 14, 1852, by virtue of certificate 347. Appellee relied alone on the plea of the five-year statute of limitation, which was sustained, and judgment entered for him for the land, from which this appeal is taken.

The case being tried without a jury, the court filed its conclusions of fact and law, and the questions relied upon for reversal relate to supposed errors in the rulings of the court in the admission of testimony, and urge that the findings of fact are, for several reasons, insufficient to support the judgment, each of which will be considered.

[1] The first assignment questions the correctness of the court's ruling in admitting in evidence, over appellant's objection, the deed from Donohoe to Lewis, which was offered by appellee in support of his plea of five-year limitation, the objection being that said deed did not embrace the land in controversy, and because the description was insufficient to identify the land, and therefore the same was not a deed duly registered, as required by law; the contention being that there was such a variance between the description of the land in the patent and that in the deed offered in evidence as to defeat appellee's right to rely upon the latter as basis for support of his plea of limitation.

The land was patented to Sam Bogart, as assignee of John W. Holman, by virtue of certificate No. 347, containing two and a fraction labores of land, located on the east side of the Nevasota river, described by metes and bounds; whereas, said deed conveys all that certain tract or parcel of land in said county and state, being 360 acres, patented to John W. Holman, abstract No. 116, certificate 516, vol. 9, as shown by the land records of Madison county, bounded on the south by the Geo. L. Ramsdale, and on the east by the A. G. Wynne, and on the north by another survey of the G. L. Ramsdale, and on the west by the Navasota river. This deed was filed for record in the deed records of Madison county on the 30th of November, 1905, and recorded December 30, 1905. The assessor's abstract of Madison county, which was offered in evidence, shows the certificate number to be 347, and it was issued to Sam Bogart, and the patent made to John W. Holman. The county map of Madison county, which was agreed to be correct, and which was offered in evidence, shows that the J. W. Holman survey lies on the east bank of the Navasota river, and is bounded by the surveys named in the deed, except that the Wynne forms all of the east and a small portion of the north boundary; and the surveyor testified that he could locate the land in question by the description given in the deed, and that the Wynne and the two Ramsdale surveys, called for in the deed, were located long prior to the date of the deed from Donohoe to Lewis.

We think the deed sufficiently describes the land, irrespective of the slight discrepancies as to the certificate number and the name of the original patentee, which may be regarded as surplusage, since the land can be otherwise located by the recitals in the deed. In Bowles v. Smith, 34 S. W. 382, it is said:

---

"The object desired in requiring the registry of deeds under the plea of five-year limitation is to give notice to owners of land that persons in possession of it are claiming adversely to them, and, of course, the object will not be attained unless the description of the land is such that it would indicate the land being claimed. Mistake in the name or number of a survey upon which the land may be situated would not necessarily render the deed ineffective under the plea of five-year limitation; for if there be calls for external objects that definitely fix and designate the land, the law is complied with, and the deed is sufficient" (citing Udell v. Peak, 70 Tex. 547, 7 S. W. 786; McCurdy v. Locker, 2 Tex. Civ. App. 220, 20 S. W. 1109). See, also, Basham v. Stude, 128 S. W. 664, where it is said: "If the recitals in the deed, when applied to external objects therein described, identify the land in controversy, although the deed purports to convey land in the Raymond Burford survey (which was a different survey to that named in the deed), it was admissible for the purpose for which it was offered."

Notwithstanding there is a discrepancy between the patent and the deed as to the certificate number and the name of the patentee, still, in the present case the land was otherwise sufficiently described in the deed, we think, to put the owner upon notice that the land was being claimed by appellee, because, disregarding these recitals, the land was so otherwise described in the deed as to identify it with that owned and claimed by appellant. This being true, the court did not err in admitting the deed for the purpose offered. See Stout v. Taul, 71 Tex. 438, 9 S. W. 329; Cleveland v. Smith, 156 S. W. 247; also Griffin v. Houston Oil Co., 149 S. W. 567; Clifton v. Creason, 145 S. W. 323; Eastham v. Gibbs, 125 S. W. 372.

[2, 3] Notwithstanding there was no reference in the deed to the assessor's abstract, there was no reversible error in its introduction over appellant's objection. It is a public record, and under article 2306, Sayles' Rev. Stat. (article 3694, R. S. 1911), copies of such records are made admissible. Besides, if there was error, it is harmless, in that the land was otherwise sufficiently identified without reference thereto.

[4] The court did not err, we think, in finding as a fact that the defendant had used and enjoyed the land for a sufficient length of time, under deed duly registered, as to give him title to the land under the five-year statute of limitation. The evidence showed that the appellee, immediately after purchasing the land, placed his deed upon record, inclosed the land, and had continuously used it for a period of more than five years as a pasture for cattle, hogs, and goats, paying taxes thereon. Such user is sufficient to show adverse possession. See Hooper v. Acuff, 159 S. W. 934. Pasturing cattle on land inclosed for that purpose, and which is under the exclusive control of the party claiming under the statute, is such use and enjoyment as is sufficient. Hardy Oil Co. v. Burnham, 124 S. W. 221.

[5] The evidence fully supports the court's finding that the defendant had rendered and paid taxes on the land in controversy for more than five years prior to the commencement of this suit, and was therefore adequate to support his plea of limitation, for which reason we overrule the fourth assignment. Payment of taxes may be shown by parol or circumstantial evidence. See Dutton v. Thompson, 85 Tex. 115, 19 S. W. 1026; Watson v. Hopkins, 27 Tex. 637; Ochoa v. Miller, 59 Tex. 460; Allen v. Woodson, 60 Tex. 651.

[6] It is not necessary that the boundaries in the deed should entirely embrace and inclose the land; a slight failure in this respect would not vitiate the deed, provided the land therein mentioned is otherwise sufficiently described to locate and identify it.

[7] The court did not err in its conclusion of law in holding that the defendant was entitled to the land in controversy under the five-year statute of limitation, for the reason that the facts as found by the court and sustained by the record fully warranted his conclusion that defendant's possession was adverse, and that he was entitled to the land under his plea of limitation. This is true notwithstanding the fact that one side of the survey was not fenced, but was bounded by the Navasota river. See Frazer v. Seureau, 128 S. W. 649; Dunn v. Taylor, 107 S. W. 956; s. c., 102 Tex. 80, 113 S. W. 265.

[8] Nor was it necessary that the land itself should be separately inclosed. It is sufficient if there is a general inclosure, even though other surveys are included therein. See Smith v. Kenney, 54 S. W. 801; Cunningham v. Matthews, 57 S. W. 1115.

Finding no error in the proceedings of the trial court, and believing that the judgment is amply supported by the facts in evidence, it is in all things affirmed.

### On Motion for Rehearing.

In his motion for rehearing, appellant has cited and quoted from a number of cases, insisting that they support his contention to the effect that the deed from Donohoe to Lewis was insufficient to support the plea of the statute of limitation of five years; and we will review them for the purpose of showing that they do not militate against the doctrine announced in our opinion, to the effect that, even where there are slight inaccuracies regarding the number of the certificate, name of the surveys of patentee, etc., yet if the description otherwise given so identifies the land as to give notice to the owner that the defendant in possession is claiming the same, it is sufficient.

In the case of Clark v. Kirby, 25 S. W. 1096, it appears that the deed relied on by defendants to support the plea of limitation

had no other description than the name of the patentee and certificate number, and these were in fact misdescribed.

In Williams v. Thomas, 18 Tex. Civ. App. 472, 44 S. W. 1073, the description in the deed was, "The west one-half of the W. N. Morris survey," whereas the land in controversy was the W. U. Morris survey; no field notes were given. It was held that the description was insufficient, and that it did not identify the land.

In Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53, the deed was held void for want of description, it being ambiguous, and was not sufficient to support the plea of limitation.

In Brokel v. McKechnie, 69 Tex. 32, 6 S. W. 623, the deed contained no other description than the number of the survey, which was misdescribed, and the name of the patentee. This, of course, was held insufficient, and that parol evidence was not admissible to explain such misdescription.

In Murphy v. Welder, 58 Tex. 235, the court said that the deed did not describe the land with sufficient certainty to meet the requirements of the statute. Besides this, it also held that the proof failed to show payment of taxes and adverse possession, as required.

In Cook v. Oliver, 83 Tex. 559, 19 S. W. 161, this description was held insufficient: "450 acres of land situated in Houston county, on the east bank of the Trinity river, and the same known as the Brookfield Bluff Place, and the same now occupied by said Murphy * * * and the field notes as made by W. M. James are hereby made a part of this transfer." The field notes were not given.

In Flanagan v. Boggess, 46 Tex. 330, the following description was held sufficient: "620 acres of the headright of David Brown, situated about 12 miles north of Henderson in the neighborhood of Bellview"; the court remarking: "The deed in the case before us does not purport to convey an undefined part of a larger tract of land, as in the case of Wofford v. McKinna [23 Tex. 36, 76 Am. Dec. 53], supra. The '620 acres of the headright of David Brown' may be all of the D. Brown headright located in that survey; the balance being elsewhere. Or, if we look to evidence where we find a patent calling for 640 acres, we also find that the land was given in as 620 acres, and it may be that the latter is the real number of acres. In either case the description is not of an uncertain part of a tract of land, but of an entire tract. The name of the headright and the locality, with the number of acres of the survey, fixed the land as definitely as seems to be necessary to satisfy the statute until there is evidence showing the contrary."

In Kilpatrick v. Sisneros, 23 Tex. 113, the deed was held bad for uncertainty of description and the false reference, the court saying: "The object of the statute in prescribing registry of the deed, as necessary to enable the possessor to avail himself of the five-year limitation, is to give notice to the owner that the defendant in possession is claiming under the deed. And if there is such falsity or uncertainty of description as that it will not answer the purpose intended, it cannot be considered a deed duly registered, within the meaning of the statute." There was a failure also to prove adverse possession during the period of limitation.

In Young v. Trahan, 43 Tex. Civ. App. 611, 97 S. W. 147, the description of the land is not contained in the report.

In Ozee v. City of Henrietta, 90 Tex. 337, 38 S. W. 768, the description was likewise held insufficient, the court stating that it was lacking in those elements of accuracy and certainty which are required in a conveyance made by an officer under a naked statutory power to sell and convey property for the enforcement of the collection of taxes, citing Wofford v. McKinna and Kilpatrick v. Sisneros, supra, saying that they seriously doubted whether it was sufficient as a conveyance between parties acting in their own right. "A portion of a tract of land of which the original grantee is 'R. R. Add.' or railroad addition, if the abbreviations mean that, does not describe a part of an addition to a city, which is known as railroad addition, and of which W. G. Eustis is original grantee. It may be that where, even in a tax deed, a tract or lot of land is clearly and accurately described otherwise, descriptive words false in one particular may be disregarded. But if we strike out the false description in the deed in question, we have substantially nothing left but the words 'block 23,' which manifestly is uncertain. The only words to show what 'block 23' is meant point to some other 'block 23,' and not to that found in Eustis railroad addition to the city of Henrietta. If intended to designate the latter block, the description is false as a whole, and the deed not sufficient to operate as a conveyance of the property intended."

In Mars v. Morris, 48 Tex. Civ. App. 217, 106 S. W. 430, the clause in the deed did not embrace the land in controversy; hence the court properly held that the deed was insufficient as a basis for the plea of limitation.

In Berrendo Stock Co. v. Kaiser, 66 Tex. 352, 1 S. W. 257, no other description was given, except the number of the survey and the quantity; the deed was held insufficient.

The rule as gathered from our decisions seems to be that, if the land in possession of defendant is sufficiently described in the deed relied on to support the plea, as to give notice to the owner of such claim, then it is sufficient; and this is true notwithstanding the fact that there may be some other references in the deed that are untrue and misleading, which may be rejected as surplusage, such as the number of the survey, name of the patentee, and the like. See McCurdy v. Locker, 2 Tex. Civ. App. 222, 20 S. W. 1109.

See, also, Eastman v. Gibbs, 125 S. W. 372.

After a most careful consideration of the motion, we are of the opinion that the deed assailed is sufficient under the statute; and therefore it becomes our duty to overrule the motion for rehearing.

Motion overruled.