## No. 5854.

### ERASMUS BROKEL *v.* ED. MCKECHNIE ET AL.

1. LIMITATION — DEED — DESCRIPTION — AMBIGUITY. — Title by limitation under the five years statute can not be obtained when the recorded deed under which possession is claimed describes the land as having been purchased by the vendor at a tax sale, and contains no other description than the number of the survey, which it misdescribes, and the name of the patentee. Parol evidence is not admissible to explain the misdescription, by showing that there was but one tract of land granted to the patentee in the county. The rule which permits parol evidence to explain a latent ambiguity has generally no application except as to the parties and privies to the instrument sought to be explained.

APPEAL from Tom Green. Tried below before the Hon. William Kennedy.

In this suit, the appellees in possession of the land sued for claimed through mesne conveyance under a deed from one C. D. Foote to H. Lightner, dated October 2, 1878, and duly recorded on that day, purporting to convey the interest of Foote to a tract of land in Tom Green county, described as follows: "Survey number nine hundred and forty-four, in the name of Fredrick Bodenstein, it being the same land bought by me from A. McIlvain, tax collector of Tom Green county, at a tax sale on the seventh of May, 1878." The land sued for was granted to Fredrick Bodenstein, but was survey number nine hundred and forty-one. The court permitted parol evidence to show that there was but one survey granted to Fredrick Bodenstein in the county, and admitted the deed above referred to.

*Carleton & Morris,* for appellants.

*Fisher, Townes & Fisher,* for appellees, cited Wofford v. McKenna, 23 Texas, 45; Flanagan v. Bogges, 46 Texas, 334; Knowles v. Torbit, 53 Texas, 557; Bowles v. Beal, 60 Texas, 322.

MALTBIE, JUDGE. It is clear that appellees could only prescribe under the deed from Foote to Lightner, as the evidence shows that the deed from Lightner to McKechnie, which was for

survey 941, was not recorded until the sixteenth of February, 1880, only four years and four months before the filing of the suit in this case. The main question to be determined is, was the deed from Foote to Lightner, tested by its own recitals, sufficient to put the owner of the land on notice that his possession had been invaded? This would depend on whether the description contained in the deed, would, unaided by extrinsic facts, satisfy the mind that the land in controversy was embraced therein. Land owners are bound to take notice of all deeds recorded in the county where their land lies, in so far as the boundaries in such deeds may extend, to protect their possession from encroachment under the five years statute of limitations. But no one is bound to take notice of things extrinsic of the contents of the deed itself, unless in cases where the law imposes it as a duty to examine the records such as when one claims to hold land as an innocent purchaser without notice, or when there is a deed in the chain of title through which one claims, or the like. But surely not in a case where a stranger claims under a recorded deed that has no connection with the title. The owner of land ought not to be deprived of his title and possession, unless the statue of limitations is complied with in every substantial particular. In order that the five years statute be invoked, it is just as essential that the deed be duly registered, as that there should be a deed, and just as essential that the land described in the deed should coincide with the land held in possession, as it is that there should be a payment of taxes under such registered deed. The land sued for is not the same land that appellees claim under their deed, though the same that they were in possession of. The land sought to be recovered is six hundred and forty acres in Tom Green county, section 941, in the the name of Fredrick Bodenstein, while the deed under which appellees hold describes the land as section 944, in the name of Fredrick Bodenstein; there is no other description than this.

It is apparent that section or survey 944 could not embrace the same land as section or survey 941. This was sought to be obviated on the trial by proving that there was no survey in Tom Green county in the name of Fredrick Bodenstein, except survey No. 941; this ruling is attempted to be sustained in this court on the familiar principle that parol evidence is admissible to explain a latent ambiguity. It is believed that this principle should be confined to parties to an instrument and those claim-

3

, ing in privity, as a general rule. Here appellees claim under Foote who is a stranger to the Bodenstein title, and is not shown to have any title to, or connection with, the land in controversy, and to admit such evidence would be in effect to make a deed on the trial, and by construction cause it to extend back to an adverse possession commencing more than five years before that time.

We think that the court erred in admitting the evidence of the witness Foote, and also in admitting the deed objected to, and conclude that the case should be reversed and remanded.

*Reversed and remanded.*

. Opinion adopted November 1, 1887.