# Mahan *v.* Smith.

## *Ejectment.*

(Decided June 13, 1907. 44 South. 375.)

1. *Exceptions; Bills of; Time of Signing; Extension of Time.*— Where it appears from the record proper that the judge granted appellant thirty days from the trial within which to prepare and have signed his bill of exceptions, and within that time, but in vacation, extended the time by a further order, and the bill was signed within the extended time, it was signed within the time according to law.

[Mahan v. Smith.]

2. *Deeds;; Execution; Adverse Holding of Another; Effect.*—D. conveyed land to C. but retained the possession and was in the adverse possession of the land claiming it as his own when C. conveyed it to the plaintiff. Held, that although the conveyance was good between plaintiff and C., it was insufficient to enable plaintiff to maintain ejectment against the party in possession.

3. *Ejectment; Defenses; Adverse Possession; Statutory Provisions.*—Where the defense made was not by title acquired by adverse possession by defendant but a failure of title in plaintiff, the provisions of sections 1541 to 1545, Code 1896, has no application affecting defendant's right of possession.

APPEAL from Chilton City Court.

Heard before Hon. A. H. ALSTON.

Ejectment by Henry M. Mahan against Rose Smith. From a judgment for defendant, plaintiff appeals. Affirmed.

A. C. SMITH, and J. O. MIDDLETON, for appellant.— Plaintiff having shown a regular chain of title back to Joseph Smith, a party in possession, was entitled to recover.—*Schall's Case*, 107 Ala. 531. No privity being shown between plaintiff and appellee, the allged adverse holding of Smith can avail appellee nothing.— *Wilkerson v. Lehman-Durr Co.*, 136 Ala. 468.

TIPTON MULLINS, for appellee.—Two distinct judgments cannot be united in one appeal.—*Scranton v. Ballard*, 64 Ala. 402. The bill of exceptions was not signed in time.—Section 616, et seq., Code 1896; 137 Ala. 277; 128 Ala. 255; 141 Ala. 39; 135 Ala. 577.

DOWDELL, J.—Motion was made in the court below for a new trial, which was overruled. The citation of appeal shows that the appeal here was taken from the judgment on the main trial of November 30, 1906. The appeal was properly sued out.—*Henry v. Couch*, 132 Ala. 570, 31 South. 463. The contention, therefore, of counsel for appellee as to irregularity in taking the appeal, is without merit.

The court in term time, on December 5, 1906, made an order allowing the plaintiff 30 days from date for preparing and tendering his bill of exceptions, and subsequently in vacation the judge who presided at the trial, and within the time previously granted by order of the court, by second order in writing further extended the time. These orders, as they should be, are set out and shown in the transcript as a part of the record proper The bill of exceptions was signed within the time fixed by the second order, and the motion to strike must therefore be overruled.

The refusal of the general charge requested in writing by the plaintiff, and the giving of a similar charge requested by the defendant, constitute the grounds of error complained of; and this question has been by the bill of exceptions duly reserved, both as to the main trial and on the motion for a new trial. The suit is a statutory ejectment. The case was tried on issue joined on the plea of not guilty. The plaintiff relied on paper title. The evidence was without dispute. The court gave the general charge for the defendant. The plaintiff introduced in evidence a deed to the land from Joseph Smith, executed December 31, 1901, to V. O. Campbell; also a deed from V. O. Campbell to the plaintiff, executed December 9, 1902. The plaintiff then proved by one J. W. Edwards, a witness sworn in behalf of plaintiff, that Joseph Smith was in possession of the land at the time of the execution of the deed to Campbell. On the cross-examination of this witness, defendant's counsel asked the witness the following question: "Wasn't Joseph Smith, during the year 1902, in open, notorious, and adverse possession of the land sued for claiming it as his own?" To which question witness answered: "He was." This was all the evidence in the case.

[Mahan v. Smith.]

In ejectment the general rule is that plaintiff must recover, if at all, on the strength of his own, and not the weakness of the title of his adversary.—3 Mayfield's Dig. p. 119, § 46. The rule seems to be established that the grantor, remaining in possession of the land, may become an adverse holder as against his grantee, and may by such adverse possession for the necessary period acquire title. And the rule seems further to be settled that the doctrine of estoppel against a vendor cannot be invoked as to a subsequently acquired title by adverse possession.—*Abbett v. Page,* 92 Ala. 571, 9 South. 332; *Yancey v. Savannah & Western Railroad Co.,* 101 Ala. 234, 13 South. 311; *Doolittle v. Robertson,* 109 Ala. 412, 19 South. 851. A conveyance of land which, at the time of the execution of the deed, is in the possession of one holding adversely to the grantor, and exercising acts of ownership, and claiming to be in rightful possession, though having no color of title, is void as to the person holding adversely, and will not support an action of ejectment by the grantee against such adverse holder.— *Bernstein v. Humes,* 60 Ala. 582, 31 Am. Rep. 52; *Sharp v. Robertson,* 76 Ala. 343; *Murray v. Hoyle,* 92 Ala. 559, 9 South. 368.

In the present case it does not appear that the adverse possession and claim of ownership was under color of title, nor does it appear, if without color of title, that any claim in writing had been filed in the office of the probate judge, asserting such adverse possession, as required by the statute.—Section 1541 of the Code of 1896. Nor do we think this a material question in the case before us, as we understand and construe the statute.—Sections 1541 to 1545, inclusive. The evident purpose of the statute is, we think, to prevent one without color of title from acquiring title to land by adverse possession without complying with the provisions of the

statute. The defendant was not seeking to defend upon any title acquired by adverse possession, but upon a fail-ure of title in the plaintiff; and in this he relies upon the doctrine that a deed by one out of possession is void as against third parties, where the land sought to be conveyed was held adversely to the grantor at the time of the execution of the deed. The question is: Upon what principle is a deed under such circumstances de-clared to be void? The principle seems, from the adju-dications of the courts, as well as by common law, to rest upon the doctrine of champerty and maintenance.

The question here under consideration was thoroughly discussed in *Bernstein v. Humes, supra.* In that case, after reviewing many of our own cases, it was there said: "And it is settled in this state that, to avoid a deed thus made by one out of possession, it is enough if there be one in adverse possession, exercising acts of ownership, and claiming to be rightfully in possession. Color of title is not necessary. On the subject of trans-fer of mere rights to sue, see 1 Chitty's Pl. 17, 66; 1 Addison on Contracts, § 257. In Tyler on Ejectment, commencing at page 935, is a pretty full discussion of this doctrine. He states it as 'a general rule of the com-mon law that a conveyance of land, by a person against whom it was adversely held at the time of making it, is absolutely void; and the reason for this rule, according to an ancient authority, is for avoiding of maintenance, suppression of right, and stirring up of suits, and there-fore nothing in action, entry, or re-entry can be granted over.' 'Absolutely void' is too strong a phrase. Such conveyance is good and binding, at least by way of estoppel, between the parties." In *Harvey v. Doe ex dem. Carlisle, et al.,* 23 Ala. 638, it was said: "A deed to lands held adversely to the grantor, it is true, is good as between the parties; but this is upon the principle

of estoppel (4 Kent's Com. 448), which can only operate upon the parties and their privies."

We deduce from the foregoing authorities that a deed to land by one at the time out of possession, and which is held adversely to the grantor, is void as to third parties, and is good as between the parties to the deed solely upon the doctrine of estoppel. We think it quite clear that there is no room for the application of the doctrine of estoppel between the plaintiff and defendant in the case at bar. The evidence being without dispute that the land was adversely held at the time of the execution of the deed from Campbell to the plaintiff, the deed as to defendant was void. Without this deed the plaintiff showed no title upon which he could recover.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.