# Birmingham R. L. & P. Co. v. Pritchett.

## *Action for Damages to Passenger.*

(Decided May 24, 1909. 49 South. 782.)

1. *Carriers; Passengers; Negligence; Jury Question.*—The action being for injury to a passenger and the evidence being in conflict as to whether the employes in control of the car were guilty of actionable negligence, and there being evidence tending to show such negligence the affirmative charge could not be properly given.

2. *Damages; Personal Injury; Evidence.*—As tending to show the extent of the injury it was competent for plaintiff to testify as to whether the injury was temporary or permanent.

3. *Appeal and Error; Discretion of Court; Leading Question.*—Whether the court will permit leading questions is within its discretion, and its action will not be reviewed unless abused.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Elizabeth Pritchett against the Birmingham Railway, Light & Power Company, for damages

for falling from car while attempting to alight there-from.   Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court should have given the affirmative charge for the defendant under the 2nd count.—*Mobile L. & Ry. Co. v. Bell,* 45 South. 56.   Counsel discuss assignments of error relative to evidence, but without citation of authority.

GIBSON & DAVIS, for appllee.—The affirmative charge should never be given where there is a conflict in the evidence as to any material fact.   The court properly permitted the evidence objected to.—*S. & N. Ala. Ry. Co. v. McLendon,* 63 Ala. 266; *Smalley v. Allerton,* 70 Wis. 340; *Elliott v. Stocks,* 67 Ala. 301; *A. G. S. v. Hill,* 93 Ala. 518.

MAYFIELD, J.—But three errors are assigned in this record; the first being the refusal of the trial court to give the general affirmative charge for the defendant upon the second count of the complaint, and the second and third being based upon the trial court's refusal to overrule defendant's objection to questions propounded to plaintiff by her counsel in the trial below.

This was an action by a passenger against a common carrier to recover damages for personal injuries, the result of her falling from the carrier's car while attempting to alight therefrom.   The damages sought are predicated upon the negligence of the carrier's servant or agent in charge or control of the car, in that he so negligently managed, controlled, and operated said car that the same suddenly started or jerked, and as a proximate result thereof that the plaintiff was thrown vio-

lently to the ground and suffered injuries, etc. The trial was had on two counts, one alleging wanton negligence or willful injury, and the other simple negligence. The court gave the general affirmative charge for the defendant upon the count claiming for wanton negligence or willful injury, and properly declined to give the affirmative charge for the defendant as to the second count, which is based upon simple negligence on the part of the agents of the carrier.

We have examined carefully the evidence in this case, and have reached the conclusion that the trial court was correct in submitting the question of negligence to the jury. While the evidence was in conflict as to whether or not the defendant's agents or servants in control of the car were guilty of any actionable negligence, some of the evidence certainly tended to show such negligence, and it was clearly the province of the jury to infer such negligence from certain facts, which a part, at least, of the evidence tended to establish.

There was likewise no error in the trial court's overruling defendant's objection to the questions propounded to plaintiff by her counsel. There was certainly some evidence of injury suffered by the plaintiff; and the character of such injury—whether temporary or permanent—was a legitimate subject for the consideration and determination of the jury. These questions tended to elicit answers relative to such issue. While they may be leading, it does not appear that there was any abuse of the discretion of the trial court in allowing such questions either to be propounded or to be answered.

No other error being assigned or insisted upon, the judgment below must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MCCLELLAN, JJ., concur.