## MOORE v. McDONALD. (No. 340.)

Court of Civil Appeals of Texas. Eastland. Sept. 9, 1927.

Rehearing Denied Oct. 21, 1927.

1. **Adverse possession ⊚⟞70—In boundary suit, defendant, claiming adverse possession of tract only partially covered by deed, cannot claim under 5-year limitation statute (Vernon's Ann. Civ. St. 1925, art. 5509).**

In boundary suit in form of trespass to try title, defendant, claiming title to a tract only partially covered by a deed, cannot claim under Vernon's Ann. Civ. St. 1925, art. 5509, providing that suits against persons having peaceable and adverse possession of land, cultivating, using, or enjoying it, paying taxes thereon, and claiming under a deed duly registered, shall be instituted within 5 years after cause of action shall have accrued.

2. **Adverse possession ⊚⟞13—Defendant in boundary suit, having had adverse and peaceable possession of land and using it for over 10 years, had title under 10-year limitation statute (Vernon's Ann. Civ. St. 1925, art. 5510).**

Defendant in boundary suit in the form of trespass to try title, having had adverse and peaceable possession of land for over 10 years prior to institution of suit, cultivating, using, and enjoying it during that period, plaintiff, having taken no affirmative action to establish a true boundary line between his lands and those of defendant, held to have title under Vernon's Ann. Civ. St. 1925, art. 5510, barring. actions against persons thus having possession for over 10 years.

3. **Appeal and error ⊚⟞1010(1)—Trial court's judgment must be upheld, where evidence is sufficient to support it.**

Where evidence is sufficient to support trial court's judgment, Court of Civil Appeals must uphold it.

4. **Adverse possession ⊚⟞63(2)—Grantor and those in privity with him. may acquire title from grantee by limitation, notwithstanding conveyance was by warranty deed.**

A grantor, his heirs and assigns, and those in privity with him, though the land was conveyed by warranty deed, may nevertheless acquire title from vendee by limitation.

Appeal from District Court, Comanche County.

Suit by S. A. Moore against S. McDonald. Judgment for defendant, and plaintiff appeals. Affirmed.

Callaway & Callaway, of Comanche, for appellant.

Geo. E. Smith, of Comanche, for appellee.

LESLIE, J. In 1875 section No. 264, Comanche county, Texas, was patented to V. F. Bowman, "assignee John Carr. H. R. Cert. No. 871." It is rectangular in shape, 589 varas wide, 921 varas long, extending lengthwise due north and south, and containing 96 acres of land. March 17, 1891, Bowman and wife conveyed to their son-in-law, J. I. Parker, and their daughter, M. J. Parker, a portion of said tract of land 554.4 varas wide by 814.5 varas long, containing 80 acres. The beginning point of this tract, as well as the original Carr tract, was the same, the "N. E. corner of a pre-emption survey by T. B. Bullock," in that county. The field notes of the Parker tract began as stated and called:

"Thence S. 554.4 vrs., stake for corner; thence E. 814.5 vrs., stake for corner; thence N. 554.4 vrs., stake for corner; thence W. 814.5 vrs., to' the beginning—containing 80 acres of land."

The Parker field notes, applied to the original Carr survey, would take the position in which much of the Parker tract would be without the Carr survey and in territory

---

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

apparently not owned or intended to be conveyed by the Bowmans. Pursuant to the above coveyance the Parkers went into possession and improved the northern portion of said survey, down to a fence hereinafter noticed, and which is claimed by the appellee in this suit to mark a division line between the Bowmans and Parkers, agreed to by them about 36 years ago, and acquiesced in and adopted by their respective successors in title until the institution of this suit, Subsequently the Parkers sold and conveyed their tract of land, and by a series of conveyances it came into the ownership of H. L. Johnson, at which time errors in the calls of the original deed to the Parkers were evidently discovered. This brought to the attention of the Bowmans, who had remained in possession and ownership of the remaining portion of the Carr survey, they executed and delivered to said Johnson October 19, 1906, a deed of correction describing the land "intended to be conveyed" to Parkers as "80 acres out of a survey of 96, being Sur. No. 264 on the waters of Indian creek 4½ miles N. 63° E. from the town of Comanche, patented to V. F. Bowman, assignee of John Carr, by Pat. No. 555, Vol. 8, described by metes and bounds as follows:

"Beginning at the N. E. Cor. of the T. B. Bullock pre-emption survey, the N. W. Cor. of the said Bowman survey, for the N. W. Cor. of this; thence E. 589 vrs. to the N. E. Cor. of the said Bowman sur. for the N. E. Cor. this; thence 814.5 vrs. to the S. E. cor. of this in E. line of said original survey; thence W. 589 vrs.; to corner in W. line of said original survey; thence N. 814.5 vrs., to beginning."

This is merely a rectangular tract of land 814.5 varas long and 589 varas wide off the north end of said original survey. It will be observed that the deed calls for 80 acres, but a tract of land with that exact acreage extending entirely across the north end of said survey would have extended south 772.5 varas, instead of 814.5 varas. The deed of correction would evidently contain about 84.9 acres. October 23, 1906, Johnson and wife executed and delivered a deed of correction to Moore, appellant herein. This deed of correction described the land by metes and bounds as it was described in the deed of correction from Bowmans to Johnsons. These circumstances, combined with a line alleged to be a division line agreed upon by Bowmans and Parker in 1891 and marked by a fence inaccurately located as to the exact limits of the tract conveyed to Parkers, together with certain claims based upon limitation, constitute the basis of this litigation.

This suit was filed September 4, 1926, is in usual form of trespass to try title, and is a typical boundary suit. The appellant, Moore, plaintiff below, seeks to recover all the lands within the limits of the field notes in the correction deed from Johnson to himself. The appellee, McDonald, defendant below, disclaimed as to all lands so embraced in Moore's field notes, except as to a tract out of the original Carr survey, described as follows:

"Beginning at the S. W. Cor. of the said J. Carr survey for the S. W. corner of this tract; thence E. at 225.5 vrs. past the N. E. Cor. of the Redwine Sur. 589 vrs. for corner in N. line of V. F. Bowman pre-emption survey, a fence on the E. side of the tract herein; thence N. with fence about 148.5 vrs. a cross-fence, which cross-fence constitutes the N. boundary line of the tract of land owned by this defendant, for the N. E. Cor. of this tract, in the E. line of said Carr Sur.; thence W. with said Carr survey, where said cross-fence intersects fence on the W. side of the tract herein for the N. W. Cor. of this; thence S. with the W. line of said Carr survey with fence to the place of beginning." (There was excepted from this a railway right of way containing 3½ acres and of no importance in the disposition of this case.)

The defendant also answered by general demurrer, pleaded the 3, 5, 10, 25 year statutes of limitation, and especially alleged that the boundary between the two tracts of land was designated many years ago by agreement between the Bowmans and Parkers and marked by a fence then erected thereon. The trial was before the court, who rendered a judgment in favor of the appellee, defendant below, for the land as to which he did not disclaim. Plaintiff appeals. There are no findings of fact or conclusions of law in the record.

The appellant urges three propositions under his assignments of error, wherein he challenges the sufficiency of the testimony to establish title in the appellee under either of the statutes of limitation, and further urges the insufficiency of the testimony to establish as an agreed boundary line the fence between the appellee and the appellant.

[1] We do not understand that the appellee seeks to affirm this judgment on any contention based upon 3 and 25 year statutes of limitation, and, if he did so, the same would be considered without merit. The court is not impressed with the appellee's claim asserting title under the five-year statute of limitation. The boundary of land claimed by McDonald under and by virtue of the deed from John D. Warring, receiver, dated November 13, 1918 (recorded the same day), is not coextensive with the boundary of land claimed by him and described as the tract as to which he did not disclaim. In other words, the northern boundary of appellee's land, as asserted in his pleadings and established by this judgment, is a fence, and not any boundary called for on the north by the receiver's deed. The fence line does not coincide with the north boundary line indicated by the receiver's deed. On the east line of the Carr survey, according to the surveyor's testimony, the fence is 46.7 varas north

of the north line of the receiver's deed, and on the west line of said survey the fence, according to the same witness, who is not contradicted, is 10 or 12 varas south of said north line. The course taken by the fence across the survey cannot be ascertained from this record, but clearly it does not coincide with the north boundary of the tract conveyed by the receiver's deed.

Any taxes paid by McDonald evidently pertain to the land described in the receiver's deed and duly registered as aforesaid. Clearly it cannot be contended that the appellee held a duly registered deed to all the lands in the Carr survey lying south of said fence, and it therefore follows that one, at least, of the vital elements in the establishment of title under the plea of five-year limitation is lacking. The receiver's deed does not call for the same tract of land for which appellee obtained his judgment herein. The land sued for is not the same land that appellee claimed under his deed from the receiver, though the same that he was in possession of. Therefore the plea of 5-year limitation is not sustained. Article 5509, Vernon's Annotated Texas Civil Statutes 1925; Brokel v. McKenchnie et al., 69 Tex. 32, 6 S. W. 623; Cass et al. v. Green et al. (Tex. Civ. App.) 224 S. W. 938, 227 S. W. 238; Brownfield v. Brabson (Tex. Civ. App.) 231 S. W. 491; Langham v. Gray (Tex. Civ. App.) 227 S. W. 741; Clark v. Kirby et al. (Tex. Cr. App.) 25 S. W. 1096; Griswold et al. v. Comer et al. (Tex. Com. App.) 209 S. W. 139.

[2, 3] The appellee's claims based upon the 10-year statute of limitation rest upon a more substantial basis. Until the institution of this suit the plaintiff, during a period of more than 20 years, took no affirmative action to ascertain and establish the true line between his lands and those of the defendant and his predecessors in title. A fair consideration of the testimony in this record leads to the conclusion that appellee, McDonald, and his predecessors in title, have had peaceable and adverse possession of the land south of said fence and in their inclosure, cultivating, using, and enjoying the same, for a much greater period than 10 years prior to the institution of this suit. The testimony indicates the presence of every element essential to the ripening of a title under the statute of 10-year limitation. The testimony in this respect is amply sufficient to support the judgment of the learned trial court, and it is our duty to uphold the same. Article 5510, Vernon's Annotated Texas Statutes 1925, and the numerous authorities cited thereunder.

[4] The appellant's contention that, a grantor having made a warranty deed, he, his heirs and assigns, and those in privity with him, cannot acquire from such vendeee a title by limitation, is overruled on the authority of Smith v. Montes, 11 Tex. 25, Harne v.

Smith, 79 Tex. 310, 15 S. W. 240, 23 Am. St. Rep. 340, and Thomson v. Weisman, 98 Tex. 170, 82 S. W. 503.

For the reasons assigned, the appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.