33 So.2d 625

### DENTON v. CORR.
#### 6 Div. 655.

Supreme Court of Alabama.
Jan. 22, 1948.

P. A. Nash and L. P. Waid, Jr., both of Oneonta, for appellant.

150

R. G. Kelton, of Oneonta, for appellee.

GARDNER, Chief Justice.

Statutory action of ejectment.

Plaintiff Aline Denton (appellant) is the owner of lot 54 in Block 2 of the original survey of the town of Oneonta, Alabama. Defendant R. C. Corr owns lots 55 and 56 in said block, lot 55 adjoining plaintiff's lot 54.

In count 1 plaintiff seeks to recover an "eight foot strip off the southwest side of lot 54, in block 2." As to this count defendant disclaimed possession of any part of lot 54 and judgment was entered for plaintiff on this disclaimer as to count 1.

In count 2 plaintiff seeks to recover the eight foot strip in said block 2 with particular description, but without reference to lot 54. To this count defendant pleaded a disclaimer as to lot 54, and suggested that the suit arises over a controversy as to the true boundary line between lot 54 owned by plaintiff and lot 55 owned by defendant.

The plea describes what defendant claims is the true boundary line. The issue raised on this plea as to the true boundary line was submitted to the jury resulting in a verdict in favor of defendant and establishing the true boundary line as set out in said plea.

From the judgment following plaintiff prosecutes this appeal.

Plaintiff in large part relied upon proof of adverse possession to establish the line as contended for by her in count 2, while defendant, resting upon expressions in some of our older cases, insists the principle of adverse possession is inapplicable where the matter of boundary line dispute under Title 7, Section 942, Code 1940, is concerned. But in the recent case of Mintz v. Millican, 248 Ala. 683, 29 So.2d 230, this court following Forrester v. McFry, 229 Ala. 324, 157 So. 68, held that when the defendant described the true line by courses, distances and the like and not confining it to the true location of the government survey, the true boundary line may be established by adverse possession. The argument of counsel for appellee to the contrary, therefore, is without merit.

The record is rather voluminous and a discussion of the evidence would serve no useful purpose. Suffice to say that plaintiff offered proof to show that she acquired this property from the Buckner estate and

that her grantors had owned the property for a much longer period than ten years at the time the defendant acquired title to lots 55 and 56. Her evidence tended to show that the Buckners were in possession of this eight foot strip of land, and that she acquired possession from said estate to the property here in question. There was a house that protruded on a part of this eight foot strip that fronts on the street and an old barn in the rear fronting on an alley. There was evidence, also, as to an old fence or hedge row.

[2] On the contrary defendant insists, and offers proof to the effect, that upon his purchase of the property in May, 1936, and upon discovering after a survey that the eight foot strip belonged to lot 55, he complained to Mrs. Buckner concerning it and that she immediately consented for the old barn to be removed. The jury could infer from the proof offered that Mrs. Buckner made no claim to any property except that contained in lot 54, which was hers. This evidence indicating a lack of intention to hold adversely on the part of Mrs. Buckner was admissible proof and suffices to present a jury question concerning adverse possession under Lecroix v. Malone, 157 Ala. 434, 47 So. 725; Trufant v. White, 99 Ala. 526, 13 So. 83; Brantley v. Helton, 224 Ala. 93, 139 So. 283.

Defendant offered proof tending to show that at the time of the purchase by the plaintiff of lot 54 in August, 1939, the Buckner estate, from whom she claimed title, was not in possession of the property described in count 2 of the complaint and here in dispute, and that she did not acquire possession of this strip from the Buckner estate. It was, therefore, insisted that there was no privity as between the plaintiff and the Buckner estate so far as concerned the occupancy of this property and the matter of adverse possession, and that privity was necessary to be shown. 1 Am.Jur. 880. Such was the holding of this court in Humes v. Bernstein, 72 Ala. 546, as epitomized in the third headnote.

A number of assignments of error upon which plaintiff insists error to reverse was committed relate to charges given for the defendant, which, as we read them, express this principle.

As we view the case these charges need not be separately reviewed. If they are properly worded so as to state this principle of law, as above outlined, the court committed no error in this respect.

As we have indicated, the evidence was in conflict as to the question of adverse possession and a jury issue was presented. The affirmative charge, therefore, as requested by either party was properly refused.

We find, however, there was error to reverse in that action of the court giving for the defendant requested charge 14, which reads as follows: "I charge you gentlemen of the jury that adverse possession cannot confer or defeat title to land unless the party setting it up shall show that a deed or other color of title purporting to convey title to her has been duly recorded in the office of the judge of probate of the county in which the land lies for ten years before the commencement of the action; or unless he and those through whom he claims shall have annually listed the land for taxation in the proper county for ten years prior to the commencement of the action, if the land is subject to taxation; or, unless he derives title by descent cast, or devise from the predecessor in the title who was in possession of the land."

There was presented in this case but a single question, that is, the true boundary line between lots 54 and 55 under plea 2 to the second count of the complaint. As we have previously noted, evidence as to adverse possession was properly admitted as in cases of this character a true boundary line may be established, there being here no question of government survey, by sufficient proof of adverse possession. In Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793, referring to § 2830 of the Code of 1907, now § 828, Title 7, Code 1940, the holding was that the provisions concerning adverse possession as set forth in that statute had no application to a statutory ejectment action where the question was one of boundaries between coterminous owners. Indeed, the concluding language of said § 828 would indicate clearly that this statute was intended to have no effect in cases involving question of boundaries between coterminous owners.

That the giving of this charge was prejudicial error cannot be seriously questioned and, indeed, there was no serious claim on the part of the plaintiff that her proof met the requirements of this statute. If, therefore, the jury were to give heed to this charge, a verdict for the defendant must result.

What we have said should suffice for another trial of the cause.

For the error indicated let the judgment stand reversed and the cause remanded.

Reversed and remanded.

FOSTER, LAWSON, and STAKELY, JJ., concur.