42 So.2d 244

### BREWER v. BREWER.

8 Div. 459.

Supreme Court of Alabama.

June 23, 1949.

Rehearing Denied Oct. 20, 1949.

Brown, Scott & Dawson, Scottsboro, and Chas. J. Scott, Fort Payne, for appellants.

630

H. T. Foster, Scottsboro, and H. G. Bailey, Boaz, for appellee.

**SIMPSON, Justice.**

Bill in equity to sell lands for division among the joint owners and tenants in common. From a final decree adjudging that the lands could not be equitably divided in kind and ordering a sale thereof, one of the defendants has brought this appeal.

■ The Federal Land Bank of New Orleans was made a party defendant to the bill and by its uncontested answer was shown to be the owner and holder of a mortgage on a portion of the land. Taking this uncontroverted answer as true, the trial court very properly limited its decree to ordering a sale of the land and reserved for future consideration all other matters, including a determination of the amount due by this mortgage, until the final disposition of the case and on coming in of the register's report. The assignments of error, therefore, relative to this phase of the cause are without merit. It was proper, all necessary parties being before the court and equity having acquired jurisdiction of the subject matter, that it should settle all questions arising out of and affecting the title to that subject matter and to retain jurisdiction of all matters involved in the litigation or growing out of and connected with the subject matter until it shall have been finally disposed of. Ex parte Tennessee Valley Bank, 231 Ala. 545 (9), 166 So. 1; Alabama Home Building and Loan Association v. Amos, 233 Ala. 367 (4), 172 So. 102. See also Finlay v. Kennedy, 250 Ala. 33 (7), 32 So.2d 883; 47 C.J. 482, § 532.

■ It is also argued that the decree should be reversed because it failed to except the Southern Railroad right of way, the Lee Highway, and the old Larkinsville Road from the description of the land as carried therein. This contention will be here disposed of by modifying the decree to include the exceptions mentioned and it is so ordered.

■ The final contention for error advanced by appellant relative to the alleged failure of the decree to fix a proper date for the sale of the property is rendered moot by the appeal. On the affirmance hereof the decree a proper order will be entered directing the register to fix another date for the sale at a sufficient future time for the giving of the required notice.

■ The appellee cross-assigned errors for the failure of the court to grant the prayer of the original bill for the subdividing of a part of the property and a sale of the subdivided portion as lots. On the first appeal from the interlocutory decree on demurrer, this court then observed: "If on final hearing the court is convinced that the land cannot be equitably partitioned or divided in kind, it is the duty of the court to have the land sold in such manner as will produce the highest possible sum for distribution. The court has the authority to order that a portion of the land be subdivided into residential lots and blocks and sold as such, if it is convinced upon a proper showing that such course would produce a higher figure than a sale of all the land as farm property. * * *" 250 Ala. 222, 34 So.2d 13, 14.

It appears from the finding of the court, which is sufficiently sustained by the evi-

·dence, that "it would not be advisable to subdivide that certain part of the property * * * into lots and to sell it separately from the remainder of the property * * * when the cost necessary to the subdivision of the property is considered." Having so found and the finding not being palpably erroneous, it will be here affirmed.

We find no error to reverse.

Modified and affirmed.

BROWN, FOSTER, and LIVINGSTON, JJ., concur.