45 So.2d 288

### DENTON v. CORR.

#### 6 Div. 938.

Supreme Court of Alabama.

March 30, 1950.

498

R. G. Kelton, of Oneonta, and Marion F. Lusk, of Guntersville, for appellee.

P. A. Nash, of Oneonta, for appellant.

SIMPSON, Justice.

Action of statutory ejectment by appellant, Aline Denton, against appellee, R. C. Corr, for an eight-foot strip of land in Block 2 of the original survey of the town of Oneonta, Alabama.

The question of merit is the right of the defendant to the affirmative charge. On the conclusion of the evidence for the plaintiff, the case was rested and the court gave the affirmative charge for the defendant and Mrs. Denton has appealed.

The issue arose as to the true division line between Lot 54, owned by the plaintiff on the east, and Lot 55 (and corner Lot 56), owned by the defendant on the west. (For clarity we treat the block as fronting due north on Second Avenue between First Street on the east and Second Street on the west.) The area in dispute is an eight-foot strip of land between these respective owners extending the length of the lots from their frontage on First Avenue back southwardly to an alley.

The plaintiff describes the eight-foot strip by metes and bounds, which locates the division line 100 feet east of the west boundary of the block, and defendant answers that the suit is over a disputed boundary between Lot 55 and Lot 54; that he disclaims any part of Lot 54 and suggests that the true dividing line separating the two lots, rather than being 100 feet east of the western line of said block, is 108 feet.

Thus is the issue made between the parties. If there was evidence to show or from which a reasonable inference might be drawn that the line between the two lot owners had been established as that contended for by the plaintiff, then the resolution of the issue was one for the jury and the court improperly withdrew the question from their decision.

The onset of the controversy was when some few years (less than ten) before the suit, the defendant acquired his lots and seemingly discovered that corner Lot 56 was fifty-eight feet in width rather than fifty feet, which result would make the plaintiff's lot only about forty-two feet in width, although it is platted as fifty feet in width, in consequence of which discovery he razed the long-established monuments on the 100-foot dividing line and placed his own monuments on the 108-foot line. This issue really was due to some confusion as to whether the original survey of the block contained a sixteen-foot alley running through its width and we apprehend from the pleadings and the character of the examination of the witnesses that the defendant's claim rests on the contention that there was no such alley, thereby leaving his and the other four corner lots in the block to contain fifty-eight feet. However, the evidence thus far shows that there is and has been for many years such a public alley; that it was platted as a part of the original survey of the block, and that the corner lots, like the remainder of the lots in the block, are only fifty feet, not fifty-eight feet, thus leaving the clear inference that the dividing line is as contended for by the plaintiff.

The burden, of course, was on the plaintiff to establish her line as the correct one and the appellee contends, and such seems to have been the view entertained by the trial court, that no beginning point for the plaintiff's line was ever shown or known and hence the line was not established and she thereby failed to lift the burden of proof resting on her. In this we cannot concur. Adverse possession of the properties to the line contended for by the plaintiff was sufficiently proven to avert the giving of the affirmative charge against her.

The law is well established that as between adjoining land owners where a question of boundary line is presented, when parties agree upon the location of a line fence or one of them proceeds to enclose his property and erects a fence intended as a line fence, and holds actual and exclusive possession to it as such, his possession is adverse and if continued for ten years ripens into title. Brantley v.

Helton, 224 Ala. 93, 139 So. 283; Lyons v. Taylor, 222 Ala. 269, 132 So. 171.

The controlling fact is one of intention and if there is an inference arising from the evidence that there was an intention on the part of the plaintiff and her predecessors in title to hold and enjoy the property up to the line claimed by the plaintiff as the true dividing line between the properties, with the assent or apparent recognition of it as such of defendant's predecessors in title for the stated period, then this was sufficient to discharge the burden of proof resting on the plaintiff—unless, of course, there has been subsequent adverse possession by the defendant for the requisite period up to the line he sought to establish, which is not the case.

And if the possessor, the plaintiff and predecessors in title, considered and claimed the land up to the established line as their own, the possession is hostile even though they do not suppose they are claiming more than they own and claim by mistake of fact. Guy v. Lancaster, 250 Ala. 287, 34 So.2d 499; Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554; Branyon v. Kirk, 238 Ala. 321, 191 So. 345.

The plaintiff's case comes well within these established principles. The witnesses testified that there had been a line fence separating the two properties, which was constructed more than a half-century ago and remained there until the defendant tore it down about 1937; that the old house on the front of plaintiff's lot extended almost up to this line fence and that in the rear of the lot there was a barn which extended up to the line; that the adjoining property owners apparently had recognized this as a division line; that the Corr lots had at one time been the Methodist parsonage and that at that time the then owner of the Corr lots, in constructing a sidewalk in front of the property, extended it only 100 feet from the corner up to this line fence, thereby emphasizing a recognition of that as the true line. The plaintiff's witnesses all testified that they were familiar with this fence line and had never heard any dispute in regard thereto until Corr raised the issue. Proof of this well-recognized and established line satisfied the requisites of adverse possession. Though the established division line might have been erroneous in fact, if it may be inferred that the fence was believed to be the true line and the claim of ownership was to the fence, the possession is adverse and "does not originate in an admitted possibility of a mistake." Taylor v. Fomby, 116 Ala. 621, 626, 22 So. 910, 912, 67 Am.St.Rep. 149; Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am.St.Rep. 182; Guy v. Lancaster, supra.

The case of Walker v. Wyman, 157 Ala. 478, 47 So. 1011, is no authority to the contrary. There, there was no hostility of possession and the "turn row" had never, even by implication, been recognized as the true dividing line between the properties, but was "admitted" not to be; the contended dividing line "was not a fence, or any other barrier usually placed as the dividing line of properties, but was merely a 'turn row' or 'path,' which had been made there for other purposes, while the entire land was held as one body, without any intention of dividing it." 157 Ala. at page 485, 47 So. at page 1013.

To further sustain our conclusion that the court erred in giving the affirmative charge for the defendant, it is proper to observe that this is the second appeal of this case. On the first appeal, as to the evidence adduced (for the plaintiff not materially different in substance and legal effect from that on the second trial), it was held, Chief Justice Gardner writing: " * * * the evidence was in conflict as to the question of adverse possession and a jury issue was presented. The affirmative charge, therefore, as requested by either party was properly refused." Denton v. Corr, 250 Ala. 149, 151, 33 So.2d 625, 626. This observation alone suffices for our adhering to that conclusion and pronouncing as error the ruling of the trial court in the premises.

Reversed and remanded.

BROWN, LIVINGSTON and STAKELY, JJ., concur.