48 So.2d 530

**MILSTEAD v. DEVINE et al.**

**MILES et al. v. DEVINE et al.**

**I Div. 403, 404.**

Supreme Court of Alabama.

Nov. 9, 1950.

H. M. Hall, of Bay Minette, for appellants.

Chason & Stone, of Bay Minette, for appellees.

SIMPSON, Justice.

Statutory ejectment by Devine and wife, appellees, against Milstead and Miles, appellants, for a strip of land in the SE¼ of Section 23, Township 5 South, Range 3 East, Baldwin County, Alabama.

The question of merit is the propriety of the action of the trial court in giving for the plaintiff the affirmative charge with hypothesis.

The issue between the parties was the determination of the true division line between the SE¼ of the SE¼, owned by the plaintiffs, and the SW¼ of the SE¼, in which the defendants' lands were situated. The defendants, Milstead and Miles, owned separate tracts of land in the SW¼ of the SE¼ adjoining the plaintiffs' land on the west (Milstead to the south and Miles to the north), and the plaintiffs accordingly filed separate suits against them. The two cases were consolidated and tried together in the lower court and the appeal here is as one, so the cases will be considered together.

The area in dispute is a strip of land about 167 feet wide extending north and south throughout the quarter section, the defendants contending for a new line bounding the east of said strip and the plaintiffs contending for an old long-established line fence on the west of said strip.

The defendants filed a disclaimer as to any land in the SE¼ of the SE¼ and, as the statute prescribed, suggested that the issue arose over a disputed boundary line, etc., and by replication the plaintiffs described the disputed area by metes and bounds and thus was the issue presented, the respective parties claiming title to the disputed area.

The plaintiffs rested their claim of title not upon the government survey, but on adverse possession. The evidence was without the slightest conflict that more than thirty-five years previous to the suit, the defendants' predecessor in title erected a line fence separating the two forties, on the boundary line claimed by the plaintiffs; that this fence was placed as the dividing line of the two forties and as the eastern line of the SW¼ of the SE¼, where the lands of the defendants are situated, and that continuously during said period this line fence had been recognized by the owners of the properties on both sides of the fence as the division line between the two forties; that the plaintiffs acquired their lands some thirteen years before the suit and continued to hold and claim the land up to this division fence and cultivated it accordingly. This evidence clearly established a title by prescription in the plaintiffs and the court acted correctly in giving for them the affirmative charge.

The law is well established that as between adjoining landowners, where a question of boundary line is presented, when parties agree upon the location of a line fence or one of them proceeds to enclose his property and erects a fence intended as a line fence and holds actual and exclusive possession to it as such, his possession is adverse and if continued for ten years ripens into title. Lyons v. Taylor, 222 Ala. 269, 132 So. 171; Brantley v. Helton, 224 Ala. 93, 139 So. 283; Denton v. Corr, 253 Ala. 497, 45 So.2d 288.

And this would be so without regard to the true location of the line. If the possessor and his predecessors in title considered and claimed the land up to the established line as their own, the possession is nevertheless hostile and adverse even though they do not suppose they are claim-

ing more than they own and claim by mistake of fact. Crowder v. Doe, ex dem. Tennessee Coal, Iron & R. R. Co., 162 Ala. 151(8), 50 So. 230; Gunn v. Parsons, 213 Ala. 217, 104 So. 390(2); Branyon v. Kirk, 238 Ala. 321, 191 So. 345; Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554; Guy v. Lancaster, 250 Ala. 287, 34 So.2d 499; Denton v. Corr, supra (4).

The evidence clearly brought the plaintiffs' case within the influence of these well recognized principles. Rather than the predecessors of the plaintiffs erecting a line fence, it was erected by the defendants' predecessor in title as the true division line and defendants' predecessors, as well as the landowners on the east, claimed up to and recognized the fence as the true dividing line. Such was the status until just shortly before the suits were filed, when the defendants acquired their property, had the line surveyed and established one they contended as the correct government line, erected their own fence, and razed the long established division line fence. It is the area between these two fences which is in dispute and title to which was unequivocally proven to have long since been vested in the predecessors of the plaintiffs and so in the plaintiffs when the defendants interposed their claims.

▪ The argument is advanced that a jury question was presented because of an alleged statement by Mr. Devine that he wanted the land line surveyed and because after the defendants had fenced off the disputed area, where the plaintiff had a corn crop, he obtained permission to gather his corn. This evidence could not avert the giving of the requested affirmative charge. The exclusive possession of the lands by the plaintiffs and their predecessors in title for the prescriptive period is regarded in law as having vested a perfect title and equivalent in legal effect to one acquired by a formal grant or conveyance, and could only be divested in the manner in which any title may be divested, such as by a conveyance or by actual adverse possession. Where the investing of title in the adverse claimant was thus completed for the prescriptive period, the title will not be divested through a subsequent admission of the holder of the title, and accordingly title vested in the holder by adverse possession is unaffected by a parol agreement with an adjoining landowner to join in a survey to ascertain or readjust boundaries. When the title had thus been vested nothing short of a grant by the titleholder or adverse possession by the opposing claimants and their predecessors for the statutory period could give them title to the parcel now claimed. Brantley v. Helton, supra, 224 Ala. 96, 139 So. 283; Tabor v. Craft, 217 Ala. 276(3), 116 So. 132; 2 C.J.S., Adverse Possession, § 208, pages 807, 808.

Counsel, to support the contrary argument that the conduct of Mr. Devine indicated such lack of intention to hold adversely the property in suit as to make the question of adverse possession one for the jury, relies upon Denton v. Corr, 250 Ala. 149, 33 So.2d 625. This case is not controlling and is to be differentiated from the one at bar in that in the Denton case the grantor of the plaintiff, upon whose adverse possession plaintiff relied to sustain his title, had, previous to the plaintiff's ownership of the property, permitted the coterminous property owner to remove an old barn which was athwart the eight-foot strip in dispute, the court holding that "This evidence indicating a lack of intention to hold adversely on the part of Mrs. Buckner [plaintiff's predecessor in title] was admissible proof and suffices to present a jury question concerning adverse possession". 250 Ala. 151, 33 So.2d 626. That is not this case. The predecessors of the plaintiffs here, who became invested with title by prescription, were guilty of no conduct indicating a lack of intention to hold adversely, but to the contrary, all parties on both sides of the line held up to it as the true line until the recent intervention and disturbance by defendants at bar.

▪ One minor error is noticed. The judgment should describe the boundary line as located, Sloss-Sheffield Steel & Iron Co. v. Coosa Land Co., 231 Ala. 134, 163 So. 898, which was not done. The judgment will accordingly be reversed and remanded, with directions that it be

modified so as to properly describe said division line.

Reversed and remanded with directions.

FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.