73 So.2d 549

**TURNER v. TURNER.**

1 Div. 591.

Supreme Court of Alabama.

June 17, 1954.

130

Graham H. Sullivan, Mobile, and Alan B. Weissinger, Opelika, for appellant.

Harry Seale, Mobile, for appellee.

**LIVINGSTON, Chief Justice.**

This appeal is from a final decree of the Circuit Court of Mobile County, Alabama, in Equity, in favor of complainant-wife, the appellee, declaring null and void a Nevada divorce decree which had purported to divorce complainant and respondent from the bonds of matrimony.

Both of the parties to this action have lived practically all their lives in Mobile County, Alabama. They were married in 1929, and last lived together as man and wife in 1951.

On December 1, 1952, a District Judge of the First Judicial Court of Nevada, for the county of Ormsby, rendered a decree divorcing appellant, Alfred Turner, and the appellee, Alice Turner. In the divorce proceedings in Nevada, process was handed to Mrs. Turner in Mobile County, Alabama. Mrs. Turner made no appearance whatever before the Nevada court, nor did anyone appear for her.

On January 14, 1953, Mrs. Turner filed her bill in the Circuit Court of Mobile County, Alabama, naming Alfred Turner as a respondent, and alleging in the bill that the decree of the Nevada court was obtained through fraudulent and untrue representations on the part of Turner. In short, said bill of complaint alleged that at all times mentioned in the Nevada decree Alfred Turner was a resident of Alabama. She attached to and made a part of her complaint a copy of the Nevada decree.

The demurrer of the respondent, Alfred Turner, was overruled by the trial court. Respondent answered, and the cause was submitted to the court below on testimony taken ore tenus before the trial judge, with the result indicated above.

The principal question of fact litigated in the court below was the residence and domicile of Alfred Turner on December 1, 1952, the date of the Nevada divorce decree. Was he on that date a resident of and domiciled within the state of Nevada? The learned trial court found that he was not.

Three issues are presented upon this appeal. First: Does a court of Alabama have the power and the right to determine for itself the question of domicile, as concerns the validity of the Nevada divorce decree? Secondly: Did the trial court commit reversible error in overruling appellant's demurrer, inasmuch as no allegation within the bill of complaint stated that the appellee made no appearance in the Nevada proceedings? And finally: Was the trial court palpably in error in finding from evidence heard ore tenus that appellant had not in good faith established a domicile in the state of Nevada?

The burden of proving that Alfred Turner had not acquired a domicile in Nevada on December 1, 1952 rested upon the appellee. This issue of fact was fairly tried according to appropriate procedure, and the decree of the lower court to the effect that Alfred Turner had not acquired such a domicile on said date was amply supported by the evidence submitted in the cause.

The recent decision in the case of Rice v. Rice, 336 U.S. 674, 69 S.Ct. 751, 752, 93 L.Ed. 957, is determinative of the first issue raised on this appeal. There, the Supreme Court of the United States held:

"No personal service was made upon respondent, nor did she in any way participate in the Nevada proceedings. She was not, therefore, precluded in the present action from challenging the finding of the Nevada court that Herbert N. Rice was, at the time of the divorce, domiciled in that state."

See, also, Sutton v. Leib, 342 U.S. 402, 72 S.Ct. 398, 96 L.Ed. 448; Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561; Esenwein v. Commonwealth ex rel. Esenwein, 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608; Williams v. North Carolina, 325 U.

132

S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577; Huggs v. Huggs, 90 U.S.App.D.C. 237, 195 F.2d 771.

■ No allegations in the bill of complaint affirmatively state that the appellee made no appearance in the Nevada proceeding. However, inasmuch as the omitted allegation was nevertheless made an issue on the trial, any possible defect or error in the pleading was cured thereby, provided the bill was sufficient to invoke the jurisdiction of the court. See Constantine v. Constantine, Ala.Sup., 72 So.2d 831; Birmingham Water Works Co. v. Barksdale, 227 Ala. 354, 150 So. 139; Life & Casualty Ins. Co. of Tennessee v. Peacock, 220 Ala. 104, 124 So. 229; Tennessee Valley Sand & Gravel Co. v. Pilling, 35 Ala.App. 237, 47 So.2d 236, certiorari denied 254 Ala. 14, 47 So.2d 245. It follows, therefore, that in conformance with Supreme Court Rule 45, Code 1940, Tit. 7 Appendix, the trial court's action in overruling the respondent's demurrer did not constitute reversible error. Birmingham Water Works Co. v. Barksdale, supra; Life & Casualty Ins. Co. of Tennessee v. Peacock, supra; Federal Automobile Ins. Assn. v. Meyers, 218 Ala. 520, 119 So. 230.

■ Where evidence in an equity cause is taken orally before the trial court, the presumption on appeal in favor of the court's finding is accorded the same weight as a finding of fact by the register. Andrews v. Grey, 199 Ala. 152, 74 So. 62. Furthermore, such findings have the effect of a jury's verdict, and will not be disturbed unless plainly and palpably wrong. Taylor v. Hoffman, 231 Ala. 39, 163 So. 339. Having assiduously examined the record, we are of the opinion that the evidence fully supports the decree of the lower court.

The judgment must be affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.