88 So.2d 845

**J. M. SALTER et al.**

v.

**Eva Mae COBB.**

**6 Div. 937.**

Supreme Court of Alabama.

May 10, 1956.

Rehearing Denied July 26, 1956.

McEniry, McEniry & McEniry, Bessemer, for appellants.

Barber & Barber, Birmingham, for appellee.

SIMPSON, Justice.

This is a case of a boundary line dispute between coterminous landowners. The issues appear to be twofold, viz.: 1. The beginning point of appellee's western boundary was described in the deed to be 919.5 feet west of the S.E. corner of N.W. ¼ of N.W. ¼ Section 18, Township 17, Range 5W.; the court fixed the boundary at a point 1,027.3 feet west of said S.E. corner. This controversy affects the ownership of a strip of land 108.7 feet west of the line called for in the deed whereby appellee acquired title. (Appellant's property is west and north of appellee.) 2. The northern and northwestern boundaries between appellee's and appellant's land.

· A map is subjoined for a better under- standing of the case. ·

on the western boundary, it was necessary in order to so find that the court first deter-

Solid Line - Boundary established by decree

Broken Line - Boundary claimed by respondents-Appellant

At the outset appellant contends that the trial court erred in failing to establish appellee's western boundary. In this we cannot concur. The court, in its decree, found that the line as set forth and described by the appellee was the true boundary line. And while it is true that the trial court in describing the boundary line defined the "beginning of the dividing lines" between appellee and appellant at a point 367 feet north of the court's described S.W. beginning point of appellant's property and mine said S.W. corner of appellant's lot and then follow this western boundary line to the point where the court established the "beginning of the dividing lines." The decree in locating the decribed beginning point specifically followed a western line located at a distance of 1,027.3 feet west of the southeast corner (of the quarter section) instead of the 919.5 feet as called for in the deed. We conclude, therefore, that the trial court did in fact ascertain appellee's western boundary; the decree, for

clarity, should be, nonetheless, modified to the extent of setting the "beginning" point of the boundary line between appellee and appellant at the S.W. corner of appellee's lot "which said corner is located 818.53 feet from the *Tennessee Company's Corner* thence turn an angle of 90 degrees right and north 367 feet." Brewer v. Brewer, 252 Ala. 629, 42 So.2d 244. To this extent the decree will be reversed to the end that the lower court modify the description in the decree as stated.

In support of the correctness of the western line, as found by the court, appellee relies on adverse possession. Appellant, holding record title, urges error. While not attempting to set out all the evidence, the recital below presents the pertinent facts with regard to the appellee's adverse possession. Appellee's lot was cut out of a larger tract, all of which was formerly owned by one Hicks. Hicks conveyed a lot to appellee in 1931; his successive heirs conveyed the disputed strip to appellant in 1945.

In 1931 appellee went into and has remained continuously in possession of the tract east of the western boundary as established by the court. She has built her home on the disputed tract; a tract which was not described in her deed. The evidence and the reasonable inferences therefrom show that appellee planted a hedgerow on what she believed to be the true dividing western line, which line was established by the court as being the western line, that she had a wire fence placed on said boundary. She has cleared the land, planted gardens, cut timber on it and claimed to own all of this tract from the time of the conveyance in 1931. After appellant was conveyed the disputed strip, the evidence shows that he and the appellee had logs placed on the western boundary, as claimed by appellee and established by the court. There is no evidence showing that a question had ever been raised between the parties, or between appellee and the grantor and heirs as to appellee's western boundary until shortly before this suit, when appellant had a survey made.

■ Appellant challenges the sufficiency of the evidence to prove adverse possession. A decree establishing a boundary line between coterminous lands on evidence submitted *ore tenus* in open court is presumed on appeal to be correct. Spradling v. May, 259 Ala. 10, 65 So.2d 494.

■ As between coterminous landowners where a question of boundary line is presented, when parties agree upon the location of a line fence or one of them proceeds to enclose his property and erects a fence intended as a line fence and holds actual and exclusive possession to it as such, his possession is adverse and if continued for ten years ripens into title. The controlling fact is one of intention and if there is an inference arising from the evidence that there was an intention on the part of the complainant to hold and enjoy the property up to the line claimed by the complainant as the true dividing line between the property, with the assent or apparent recognition of it as such on the part of respondent and his predecessors in title for the stated period, this is sufficient to discharge the complainant's burden of proof. And if the possessor considered and claimed the land up to the established line as her own, the possession is hostile even though she is claiming more than she owns and claims by mistake of fact. Though the established division line might have been erroneous in fact, if it may be inferred that the fence was believed to be the true line and the claim of ownership was to the fence, the possession is adverse and " 'does not originate in an admitted possibility of a mistake.' " Denton v. Corr, 253 Ala. 497, 45 So.2d 288, 290; Guy v. Lancaster, 250 Ala. 287, 34 So.2d 499; Milstead v. Devine, 254 Ala. 442, 48 So.2d 530. The evidence, therefore, was sufficient to establish title to the aforementioned disputed strip, both coterminous owners recognizing the western boundary as claimed by complainant as the true line for more than ten years.

The determination of the northern and northwestern boundaries of appellee's lot and the southern and northeastern boundaries of appellant's lot presents a more difficult question. The line, as established by the trial court has the effect of destroying the appellant's record title to certain portions of land which was conveyed by the appellee to the appellant. While it is true that a grantor may by adverse possession acquire title to land which he has conveyed, the possession of the grantor after conveyance is presumed to be subordinate to the title of the grantee. This presumption, however, is rebuttable. Bellamy v. Shryock, 211 Ark. 116, 199 S.W.2d 580; Turnipseed v. Moseley, 248 Ala. 340, 27 So.2d 483, 170 A.L.R. 882; Chandler v. Pope, 205 Ala. 49, 87 So. 539; Mahan v. Smith, 151 Ala. 482, 44 So. 375; Abbett v. Page, 1890, 92 Ala. 571, 9 So. 332; 4 Tiffany Real Property, § 1182.

"The grantor's adverse possession may be initiated by actual notice of hostility, or by retention of actual possession and exercise of dominion over the property consistent only with a claim of exclusive and adverse right, either being sufficient * * *." 2 C.J.S., Adverse Possession, § 95, p. 654. See also Chandler v. Pope, 205 Ala. 49, 87 So. 539; Turnipseed v. Moseley, supra; 1 Am.Jur. 819, 39 A.L.R.2d 353, 356.

The question, therefore, is whether or not the appellee-grantor's possession of the conveyed land was adverse to the grantee-appellant. The rules of law governing adverse possession between coterminous landowners where possession is based upon mistake will supply the guide in determining this question.

Where two coterminous proprietors agree on a boundary line and each occupies to its location, the possession is presumed to be adverse and fixes the boundary line after ten years. Winbourne v. Russell, 255 Ala. 158, 50 So.2d 721. Or otherwise stated where coterminous landowners hold possession up to a hedgerow and each holds to the hedgerow as the true line between them, possession to the hedgerow of each would be adverse to that of the other. Smith v. Bachus, 195 Ala. 8, 70 So. 261.

In Rains v. Louisville & N. R. Co., 1934, 254 Ky. 794, 72 S.W.2d 482, the grantee so located a fence as to leave the land in dispute enclosed with the grantor's other property, and placed the grantor's house on said disputed strip where it remained for the statutory period before the mistake was discovered. In holding that the grantor's possession thereof was hostile, the court posed the question of what better notice of disclaimer and assertion of ownership in himself (the grantor) could there be that the grantor intended to claim this property as his own than what was done when the grantee itself so located the fence and house.

In the case at bar the appellant-grantee so located his shrubbery line, on the south, and an embankment on the east, as to leave the land in dispute enclosed with the grantor's other property.

Where there was a mistake in the boundaries of the original conveyance but the grantor remained in possession of a part conveyed for over the statutory period, the court in Moore v. McDonald, Tex.Civ.App. 1927, 298 S.W. 662 held that the grantor's adverse possession ripened into title. There the disputed area was enclosed by a fence and the grantor cultivated, used and enjoyed the said property. See also Bower v. Earl, 1869, 18 Mich. 367; Fort Wayne Smelting & Refining Works v. City of Fort Wayne, 1938, 214 Ind. 454, 14 N.E.2d 556; Great Southern Life Ins. Co. v. Dodson, Tex.Civ. App.1941, 155 S.W.2d 379, 39 A.L.R.2d 353.

This case is to be distinguished from Turnipseed v. Moseley, 248 Ala. 340, 27 So. 2d 483, 170 A.L.R. 882, wherein neither the grantor nor the grantee's possession was exclusive or continuous, nor was there in said case an agreed hedgerow and embankment line, as in the case at bar. Nor since the evidence was not taken *ore tenus* before the court, was there a presumption of correctness of the trial court's decree.

The respondent does not in his answer allege fraud on the part of the grantor. It appears that the grantee-appellant was conveyed a lot 100' x 110' in the northwest corner of appellee's lot by the grantor-appellee in 1940–41. The grantee went into possession and set up what he thought were the true southerly and easterly boundaries thereof, which excluded the disputed part. The evidence shows that the grantee planted a hedgerow on the southern boundary of said lot, as established by the trial court; logs were also placed on this line. The grantee further testified that he did not claim any of the disputed area until said land was surveyed, which was shortly before this suit was begun. On the grantee's eastern boundary, as established by the court, the grantee placed "a three foot fill," or embankment under the belief that it was the true eastern boundary; he also planted trees on said eastern boundary. The grantee did not place anything east of said embankment nor did he claim any of the disputed area until the aforementioned survey was made. There was evidence that the grantor always exercised exclusive possessory acts over the disputed area.

■ While no attempt has been made to set out all the evidence, the above will suffice to show that the boundaries as determined by the trial court are not plainly and palpably wrong, and as so often said the decree of the trial court on testimony *ore tenus* will not be disturbed unless plainly and palpably wrong. Stewart v. Stewart, 261 Ala. 374, 74 So.2d 423; Turner v. Turner, 261 Ala. 129, 73 So.2d 549. In light of the legal principles adverted to, the decree of the trial court is due to be affirmed except as to the modification thereof first hereinabove mentioned.

■ Appellant cites Title 7, § 828, Code of Alabama 1940, in support of his claim. This section does not apply to "cases involving a question as to boundaries between coterminous owners." See Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554; Denton v. Corr, 250 Ala. 149, 33 So.2d 625.

■ Certain rulings of the trial court on admission of evidence are challenged by appellant. Appellant argues that the questions propounded were leading and the overruling of his objections thereto is error. This court has held that the trial courts are vested with a large discretion in allowing leading questions; the exercise of which will not be disturbed unless it is clearly abused. Birmingham Ry., Light & Power Co. v. Pritchett, 161 Ala. 480, 49 So. 782; Davis v. Smitherman, 209 Ala. 244, 96 So. 208; Title 7, § 444, Code of Alabama 1940. The location of the appellee's house, what acts, if any, she performed as to the land and the origin of the hedgerow on the western boundary were germane to the issue of appellee's adverse possession. We are of the opinion, therefore, that the trial court did not herein abuse its discretion in overruling appellant's objections thereto.

■ In Assignment of Error 18, appellant urges error on the part of the trial court in the overruling of another of appellant's objections. The overruling of objections to questions will not be considered by the reviewing court where, as here, the objection was not interposed until after a responsive answer from the witness. Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594; Lusk v. Wade, 259 Ala. 555, 67 So.2d 805.

It results from the foregoing that the decree below is affirmed in all except the portion of the decree misdescribing the beginning point of the appellee's property. The decree will be reversed as to this last phase and the cause remanded so the decree may be to that extent corrected.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.

On Application for Rehearing

SIMPSON, Justice.

The appellant in brief, in support of his application for rehearing, asserts that appellee did not claim or request the location of the western boundary as set out in the opinion, supra. But appellant in the original brief appends thereto a map attached to which is a legend. The legend states that the blue markings on the map represent "Boundaries claimed in Cobb complaint, marked EEEE" which, of course, includes the land referred to in the opinion and "Western boundary claimed by Cobb, marked EE." This western boundary is the boundary set out in the opinion as the correct one.

Also it is clear from the amended complaint (p. 10, Ts.) that the appellee claimed to own and alleged that she was in the possession of all of this land.

It cannot be said then that the appellee did not claim the land over to the western boundary, as set out in the opinion.

Opinion extended and application overruled.

LIVINGSTON, C. J., and MERRILL and SPANN, JJ., concur.